GUSTAVE RIVES, Respondent, *v.* JOHN R. BARTLETT et al., Defendants, and HERMANN DE SELDING et al., Appellants.

Judgment — appeal — evidence — when judgment based on untenable proposition will not be sustained because a finding might have been made which might have sustained judgment — Appellate Division — power to substitute new findings for those of trial court.

1. A judgment founded upon an untenable proposition should not be sustained merely because there is some evidence to sustain a finding which, if it had been made, would support the judgment.

2. Where the trial court found against the plaintiff on the issue of fact raised by the pleadings but rendered a judgment against the defendant on an erroneous view of the law, a new trial should be granted.

3. The practice under section 1317 of the Code of Civil Procedure authorizing the Appellate Division to substitute new findings for those of the trial court to support a judgment, considered and commented upon. (*Downey* v. *Finucane*, 205 N. Y. 251, distinguished.)

*Rives* v. *Bartlett*, 156 App. Div. 552, reversed.

(Argued March 18, 1915; decided May 11, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 14, 1913, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

3

*Isaac R. Oeland* and *William G. Peckham* for Hermann De Selding et al., appellants. The making of the representations by the defendants, knowledge of their falsity, and actual intent to deceive and defraud, must be established and found. (*Taylor* v. *Comcl. Bank,* 174 N. Y. 181; *Kuelling* v. *Lean Mfg. Co.,* 183 N. Y. 78; *Hotchkin* v. *T. Nat. Bank,* 127 N. Y. 329; *Brackett* v. *Griswold,* 112 N. Y. 454; *Wakeman* v. *Dalley,* 51 N. Y. 31; *Bell* v. *James,* 128 App. Div. 241; *Degraw* v. *Elmore,* 50 N. Y. 1; *Cassidy* v. *Uhlman,* 170 N. Y. 537; *Southwick* v. *F. Nat. Bank,* 84 N. Y. 429; *Urtz* v. *N. Y. C. & H. R. R. Co.,* 202 N. Y. 173.) Allow that we could be held purely for Bartlett's fraud, agency is neither pleaded nor found — something else is pleaded, something else is found. (*Whalen* v. *Stuart,* 194 N. Y. 502; *Morgan* v. *Skiddy,* 62 N. Y. 327.) The findings of the trial judge on the material issues in this case are inconsistent and the judgment should be reversed. (*Whalen* v. *Stewart,* 194 N. Y. 495; *Bonnell* v. *Griswold,* 89 N. Y. 123; *Kelly* v. *Leggett,* 122 N. Y. 633; *Nickel* v. *Tracy,* 184 N. Y. 386; *Stokes* v. *Stokes,* 198 N. Y. 301; *Union Mills* v. *Harder,* 191 N. Y. 483; *Hamlin* v. *Hamlin,* 192 N. Y. 164.)

*Arthur S. Levy* and *Paul M. Herzog* for Walter L. Hill, appellant. The defendant Hill having no actual knowledge, and not being willfully ignorant, is not liable. (*Lyon* v. *James,* 97 App. Div. 385; 181 N. Y. 512.)

*Charles S. Aronstam* for respondent. The findings of fact submitted by and found in favor of the appellants are not inconsistent with the finding that the defendants issued the circulars complained of. (*Green* v. *Roworth,* 113 N. Y. 462; *Whalen* v. *Stuart,* 194 N. Y. 495; *Downey* v. *Finucane,* 205 N. Y. 251.) As a matter of law each and all of the defendants are responsible for the issuance of the circular. (*Childs* v. *White,* 158 App. Div. 1;

*Lehman-Charley* v. *Bartlett*, 135 App. Div. 674; *Mack* v. *Latta*, 178 N. Y. 525; *Downey* v. *Finucune*, 146 App. Div. 209; 205 N. Y. 251; *Canadian Agency* v. *Assets Realization Co.*, 165 App. Div. 96.)

MILLER, J. This is an action to rescind the purchase of stock of the defendant corporation, The Reade-Duane Cold Storage Company, and to recover from the corporation and its directors the amount paid on the ground that the purchase was induced by false and fraudulent statements in a circular or prospectus alleged to have been issued and circulated by the defendants. In an action brought by one Lehman-Charley against the same defendants, based on the same circular, a recovery was sustained by the Appellate Division and by this court. (135 App. Div. 674; 202 N. Y. 524.) In that action the appellants defended on the ground that the prospectus was not fraudulent, but did not deny participation in the preparation of the circular or knowledge of its contents. On the trial of this action they denied any responsibility whatever for its issuance and circulation. In that action the court found that the defendants Bartlett, De Selding and Tubby, together with the defendant Hill, who was not served with the summons, prepared and issued the circular with intent that it should be distributed among the investing public for the purpose of inviting subscriptions. It is claimed on this appeal that the findings on that important question of fact are so inconsistent and contradictory as to be insufficient to sustain the judgment, and that presents the important question for determination.

The cause of action pleaded is based on fraud and deceit. The trial court found in accordance with the averments of the complaint that the defendants prepared and issued the said circular with the intent that it should be distributed among the investing public for the purpose of inviting subscriptions, but it also found at the request of the appellants De Selding and Tubby that they "did

not assist Bartlett in the preparation, and did not join with him in the issuing of the circular complained of," and at the request of the defendant Hill " that he had not been consulted, and was not aware of the character of the circular complained of at the time of its issuance; that he did not authorize it or its issuance by any affirmative act," and " that the defendant Bartlett was not a partner, employee or agent of the defendant Hill, nor under any contractual relation with him, but was a co-director and the agent of the corporation only." Those findings at least appear to be inconsistent. The respondent argues that it is possible to reconcile them on the theory that the findings made at the request of the appellants were intended to refer only to physical acts, but the opinion of the trial court shows that that construction is not permissible. He said: " I am thoroughly convinced that it [referring to the prospectus] was the work of the defendant Bartlett, and that the defending litigants, other than Bartlett, were not aware of its character at the time of its issuance, nor did they authorize (*sic*) by any affirmative act antedating its circulation, but notwithstanding they seemingly are not relieved from responsibility and they must respond in judgment (*Downey* v. *Finucane et al.*, N. Y. Court of Appeals)." The findings are thus explained on a theory totally at variance with that suggested by the respondent. The court was of the opinion that the appellants were not aware of the character of the circular, had no share in its preparation and did not authorize its issuance or circulation, but held, on the authority of *Downey* v. *Finucane* (205 N. Y. 251), that they were responsible for the acts of their co-director Bartlett. The finding that they prepared and issued the circular was intended to mean simply that the act of their agent, Bartlett, was their act.

The doctrine of the *Finucane* case has no application to the facts of this case. In that case the defendants were held liable for the acts of Fenn, not on the ground

that he was a co-director, but because they had constituted him an agent of a syndicate organized for their personal profit, and because he acted as agent of the syndicate and not as agent of the corporation. In this case there is nothing upon which to base a claim that Bartlett was the agent of the appellants except the bare fact that he was a co-director, and that is not sufficient. (*Arthur v. Griswold*, 55 N. Y. 400.)

A majority of the Appellate Division were of the opinion that the evidence was sufficient to sustain a finding that the appellants knew of the circular and the purpose for which it was issued prior to the time when it was sent to the plaintiff. But a judgment founded upon an untenable proposition should not be sustained merely because there is some evidence to sustain a finding which, if it had been made, would support the judgment. The defendants should not be cast in judgment for fraud and deceit until that issue has been tried and found against them.

The record does not present a case of inconsistent findings resulting from mere inadvertence or mistake, nor is the case one in which there is room for doubt as to what was actually decided. In truth, the trial court found against the plaintiff on the issue of fact raised by the pleadings but rendered a judgment against the defendants on an erroneous view of the law. Whilst we reconcile findings when possible, we do that to give effect to what was actually decided, not to evolve findings which we know the trial court did not intend to make.

Though the learned counsel for the plaintiff frankly avowed that he had attempted to hold the appellants personally liable on the ground that they had had a hand in the preparation or circulation of the fraudulent prospectus, the suggestion was thrown out on oral argument that they might be held liable for negligence. Even if we were disposed to hold that a director of a corporation may be liable for negligence to one who is misled into

purchasing its shares, no such issue was presented by the pleadings or tried.

I entertain no doubt that the Appellate Division has the power under section 1317 of the Code of Civil Procedure to substitute new findings for those of the trial court to support a judgment. Having that power, the Appellate Division did not see fit to exercise it in this case, and we may be quite certain that it did not refrain from any doubt as to the existence of the power. The Appellate Division construed the findings of the trial court as meaning that the defendants were personally guilty of the fraud charged against them and the opinion of Presiding Justice INGRAHAM is to the effect that there is evidence to sustain a finding that the defendants had actual knowledge of the issuance of the fraudulent circular, but that is very far from holding that the evidence so preponderates in favor of such a finding that the Appellate Division would be justified in reversing a contrary finding. We interpret the decision of the trial court differently. As I have pointed out the apparent inconsistency in the findings is superficial only. If we are to consider the substance, and not the mere form of the decision, we are permitted to know that the trial court actually decided as a fact that the defendants had no knowledge of the issuance of the fraudulent circular and was able to find that they issued it only by erroneously ruling as a matter of law that Bartlett was their agent.

The decision of the trial judge on the facts should not be lightly disturbed by a court which can glean the facts only from the printed pages of a record and the practice on appeal of granting final judgments on a different view of the facts to that taken by the trial court may, except in reasonably plain cases, lead to grave injustice. Certainly we have no reason to think that the Appellate Divisions need encouragement from this court to exercise that power. Whilst under the new practice it some-

times becomes necessary in the interest of justice to remit a cause to the Appellate Division ·for further consideration as, *e. g.*, when otherwise a party might be deprived of the right to have the facts reviewed, there are serious objections to the extension of that practice. This case is to be decided upon the record before us, and I think the defendants are entitled to have the question of their guilt decided in the first instance by the trial court.

The judgment should be reversed and a new trial granted, with costs to abide the event.

SEABURY, J. (dissenting). I dissent. Two actions were brought against these defendants, growing out of certain false and fraudulent statements made in a circular alleged to have been issued and circulated by the defendants. One action was brought by one Lehman-Charley and the other by this plaintiff. The two actions, so far as the facts are concerned, are practically the same. Lehman-Charley recovered a judgment which was affirmed in the Appellate Division (135 App. Div. 674) and in this court (202 N. Y. 524). The present action has been pending since 1909. The plaintiff has recovered a judgment which has been affirmed in the Appellate Division. It' is argued that this judgment should be reversed because of the alleged inconsistency in the findings made by the trial court. Upon the appeal to the Appellate Division it was held that the findings were not necessarily inconsistent and the evidence was reviewed and held to sustain the findings of fact which established the plaintiff's right to recover. The Appellate Division did not make new findings, but the position taken by the majority of that court in reference to this case clearly appears from their opinion reviewing the evidence. Inasmuch as the opinion of the Appellate Division is now made a part of the judgment roll or papers on appeal (Section 1237 of the Code of Civil Procedure), I think that we should consider the judg-

ment appealed from in the light of the opinion of the Appellate Division. This is an equity suit, and the Appellate Division, in reviewing it, has the same power to render the judgment that ought to be rendered that the Special Term possessed. (*Bennette* v. *Molloy,* 209 N. Y. 167; *Lamport* v. *Smedley,* 213 N. Y. 82.) The Appellate Division has reviewed the facts and found that they entitle the plaintiff to judgment, and there is evidence which sustains this conclusion. Under these circumstances it is immaterial that the decision of the Special Term may have been based on inconsistent findings. It is a simple matter for the Appellate Division, if the cause is remitted to it, to modify the findings of the Special Term so that they shall accord with the views expressed in the opinion of the Appellate Division. The fact that the plaintiff did not appeal to the Appellate Division does not present any reason why the Appellate Division in reviewing the cause cannot modify a finding in favor of the defendant if in its judgment that finding is not sustained by the evidence. The plaintiff could not appeal from the *findings* that were adverse to him and he could not appeal from the *judgment* because it was in his favor. Under section 1317 of the Code of Civil Procedure the Appellate Division can modify the findings so as to eliminate those that are in favor of the appellants, if in its judgment those findings are not supported by the evidence. Section 1317 provides that the Appellate Division shall "render judgment of affirmance, judgment of reversal and final judgment *upon the right of any or all of the* parties, or judgment of modification thereon, according to law," etc. Thus in terms, the section does not limit the appellate court to modifying the judgment in so far as it affects adversely the appellant alone, but authorizes it to render final judgment according to law "upon the right of any or all of the parties." From the terms and purpose of this section I think that the legislature intended to confer upon the Appellate

Division in any cause not tried by a jury which was brought before it upon appeal by any of the parties, the power to render such judgment as should be warranted by the facts and the law. If this cause is now reversed and sent back for a new trial and the same evidence is then presented as is now in the record and the Special Term should render judgment for the defendants and the plaintiff appealed to the Appellate Division, there is no doubt that the Appellate Division could reverse the findings upon which such judgment was based and make new findings identical with the findings now made except the alleged inconsistent findings. This course would leave the case precisely where it now is, but accomplishes the result in a roundabout way which I think was the design of section 1317 to obviate. This cause having been before the Appellate Division and that court having, as appears from its opinion, reviewed the evidence and determined that it supported the findings which established the liability of the defendants, we should not reverse the judgment and order a new trial simply because there is in the record inconsistent findings of fact made by the Special Term.

I vote in favor of remitting the cause to the Appellate Division to make findings in accord with the views expressed in its opinion filed in this case.

COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur with MILLER, J.; SEABURY, J., reads dissenting opinion; WILLARD BARTLETT, Ch. J., not sitting.

Judgment reversed, etc.