Jesse W. Reno, Respondent, *v.* Frederic Bull et al.,
Appellants.

**Fraud and deceit — intentional fraud essential factor in
action for deceit — erroneous charge — erroneous measure of
damages — erroneous admission of evidence.**

1. Misjudgment, however gross, or want of caution, however marked,
is not fraud. Intentional fraud, as distinguished from a mere breach
of duty or the omission to use due care, is an essential factor in an
action for deceit.

2. In this action, which was brought by the purchaser of capital
stock of a corporation to recover for fraud and deceit by its directors
in issuing a circular containing false representations, the trial court
charged the jury that it was the duty of the defendants when they, as
directors of the corporation, approved of the circular, to know the
truth of the facts stated therein and if they did not know whether such
facts were true, they were bound to know if they had a reasonable
opportunity to ascertain the same. *Held*, erroneous, because there was
substituted as the test of defendant's liability, negligence, instead
of a purpose to deceive. (*Downey* v. *Finucane*, 205 N. Y. 251,
distinguished.)

3. The court charged the jury that if the plaintiff was entitled to
recover, then he should be awarded " the difference between the value
of the stock at the time it was sold to him * * * and the value of
the stock as it would have been at that time if the representations were
true." *Held*, error; that if he were entitled to recover at all, it was
the difference between the amount paid for the stock and the value
of the stock which he received with interest from that time. (*Whitney*
v. *Allaire*, 1 N. Y. 305; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Krumm* v.
*Beach*, 96 N. Y. 398; *Vail* v. *Reynolds*, 118 N. Y. 297, distinguished.)

4. Evidence of statements made by the president of the corporation
with reference to the stock, there being no proof that the defendants
authorized or approved it, was erroneously received. A copy of a
complaint in an action by the corporation against the president was
also improperly received against defendants as it did not appear that
any of them had ever seen it or knew what it contained.

*Reno* v. *Bull*, 179 App. Div. 891, reversed.

(Argued May 29, 1919; decided July 15, 1919.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial

department, entered July 7, 1917, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Zabriskie* and *William E. Sims* for appellants. The court erred in instructing the jury in effect that they might find for the plaintiff in this action of deceit without finding the defendants guilty of fraud. (*Gardner* v. *Heartt*, 3 Den. 232; *People* v. *Camp*, 66 Hun, 531; *Raming* v. *Metropolitan St. Ry. Co.*, 157 Mo. 477; *Cleveland, etc., R. R. Co.* v. *Miller*, 149 Ind. 490; *Oberlander* v. *Spiess*, 45 N. Y. 175; *Meyer* v. *Amidon*, 45 N. Y. 169; *Wakeman* v. *Dalley*, 51 N. Y. 27; *Arthur* v. *Griswold*, 55 N. Y. 400; *Salisbury* v. *Howe*, 87 N. Y. 128; *Brackett* v. *Griswold*, 112 N. Y. 454; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Ochs* v. *Woods*, 221 N. Y. 335.) The court erred in charging the jury with regard to the measure of damages. (*Ochs* v. *Woods*, 221 N. Y. 335; *Smith* v. *Bolles*, 132 U. S. 125; *Sigafus* v. *Porter*, 179 U. S. 116; *Cary* v. *Gruman*, 4 Hill, 625; *Muller* v. *Eno*, 14 N. Y. 597; *Hooper* v. *Story*, 155 N. Y. 171.) The court erred in receiving in evidence the complaint in the suit of the American Oriental Company against Charles E. Ertz and others. (*Arthur* v. *Griswold*, 55 N. Y. 400; *Briggs* v. *Spaulding*, 141 U. S. 132; *Rudd* v. *Robinson*, 126 N. Y. 113; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62; *Cook* v. *Barr*, 44 N. Y. 156; *Union Nat. Bank* v. *Dean*, 154 App. Div. 869; *Oregon & C. R. Co.* v. *Grubissich*, 206 Fed. Rep. 577; *Engel* v. *United Traction Co.*, 203 N. Y. 321; *Akin* v. *Lee*, 206 N. Y. 20; *Hutchins* v. *Hutchins*, 98 N. Y. 56; *Anderson* v. *Rome, W. & O. R. R. Co.*, 54 N. Y. 334.) The court erred in admitting testimony of Ertz's representations with regard to underwriting. (*Ball* v. *Gerard*, 160 App. Div. 619; *Kohlmetz* v. *Calkins*, 16 App. Div. 518.)

*Everett V. Abbot* for respondent. The " ancient " rule of *scienter* which governs the common-law action of deceit

is not applicable to this case. (*Downey* v. *Finucane*, 205 N. Y. 251; *Rives* v. *Bartlett*, 156 App. Div. 552; *Bystrom* v. *Villard*, 175 App. Div. 432.) The complaint in the case of *American Oriental Company* v. *Ertz* was admissible in evidence against defendants. (Abb. Civ. Jury Trials [3d ed.], 349, 350; *Downey* v. *Finucane*, 205 N. Y. 251; 5 Chamberlayne on Evidence, § 3491.) The rule of damages was proper. (*Whitney* v. *Allaire*, 1 N. Y. 305; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Krumm* v. *Beach*, 96 N. Y. 398; *Vail* v. *Reynolds*, 118 N. Y. 297; *Spotten* v. *De Freest*, 140 App. Div. 792; *McDowell* v. *Volk*, 164 App. Div. 311; *Hatton* v. *Cook*, 166 App. Div. 257; *Churchill* v. *St. George Development Co.*, 174 App. Div. 1.)

McLaughlin, J. Action to recover damages for fraud and deceit, by reason of which it is claimed plaintiff was induced to purchase fifty shares, each of the par value of $100, of the capital stock of the American Oriental Company, a Maine corporation. Plaintiff had a verdict for $6,000, and from the judgment entered thereon defendants appealed to the Appellate Division, where the same was unanimously affirmed, and by permission they now appeal to this court.

The unanimous affirmance of the judgment conclusively establishes that the findings of the jury are sustained by evidence. The judgment, therefore, must be affirmed, unless errors, presented by proper exceptions, were committed by the trial court which affect the substantial rights of the defendants.

After a careful consideration of the record, the briefs and argument of respective counsel, I have reached the conclusion that there are at least two errors of this character which are so fundamental that they necessitate the reversal of the judgment. They are instructions given to the jury as to the duty and obligations of the defendants and as to the measure of damages.

As to the duty and obligations of the defendants: At

the time the stock was purchased, they were, with others, directors of the corporation. It had a plant, which cost several hundred thousand dollars, for refining crude oil, located on San Francisco bay, in the state of California. The corporation was organized with a capital stock of four million dollars, two million common and two million preferred, and one million of the latter it was desirous of inducing the public to buy. To that end, it made an arrangement with Charles D. Barney & Company, prominent bankers in New York and Philadelphia, to offer the same for sale. Prior to the offering, Barney & Company prepared a circular, or prospectus, signed by them, which consisted of a letter from one Ertz, the president of the corporation, addressed to Barney & Company, which contained statements as to the capacity of the plant, probable earnings of the corporation, crude oil supplied in the state of California, advantages in securing trade in the Orient and large dividends that would be received by holders of the preferred stock. The circular also contained the names of the directors, the advisory committee and other matters unnecessary to state. This circular was adopted and approved by the directors of the corporation. The statements contained in the circular, which the plaintiff claimed were and which the jury have found to be false, were: (a) that the plant was well built, fully completed and had a capacity of refining 2,000 barrels of crude oil per day; (b) that there was an abundance of crude oil in the state of California; and (c) that there was a profitable Oriental market for the sale of the refined products. In connection with these alleged false statements, it was also claimed that the defendants were liable, by reason of a statement made by Ertz, the president of the corporation, to the plaintiff, at or immediately prior to the time he purchased the stock, to the effect that the corporation would begin business with $1,000,000 cash capital.

No evidence was offered at the trial, nor was the claim there made, or upon the argument before us, that the defendants or any of them had actual knowledge of the alleged false statements set forth in the circular or the statement made by the president, or that they had any connection with such statements other than as directors of the corporation, and all except one of them testified at the trial that they, at the time the circular was issued, believed the statements therein made to be true.

The action, as indicated, was to recover for fraud and deceit and to maintain it the plaintiff had to prove that the defendants, as directors, by adopting and authorizing Barney & Company to issue the circular, made the representations alleged; that such representations were false; that they knew they were false; that they were made for the purpose of deceiving the public, and that he, believing the same to be true, made the purchase and was thereby damaged; in other words, the plaintiff had to prove, as this court has recently said, "Representation, falsity, *scienter*, deception and injury." (*Ochs* v. *Woods*, 221 N. Y. 335.) This rule is so well settled in this state that the citation of authorities seems almost unnecessary. But see the following: (*Oberlander* v. *Spiess*, 45 N. Y. 175; *Meyer* v. *Amidon*, id. 169; *Wakeman* v. *Dalley*, 51 N. Y. 27; *Arthur* v. *Griswold*, 55 N. Y. 400; *Salisbury* v. *Howe*, 87 N. Y. 128; *Brackett* v. *Griswold*, 112 N. Y. 454; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170; *Ochs* v. *Woods*, *supra*.) This same rule prevails in other jurisdictions. (*Nash* v. *Minn. Title Ins. & Trust Co.*, 163 Mass. 574; *Cahill* v. *Applegarth*, 98 Md. 493; *Boddy* v. *Henry*, 113 Ia. 462; *Kimber* v. *Young*, 137 Fed. Rep. 744; *Taylor* v. *Ashton*, 11 M. & W. 401; *Derry* v. *Peek*, L. R. 14 App. Cas. 337.) The jury should have been so instructed. The trial court, however, in utter disregard of this rule, said to the jury that it was the duty

of the defendants, when they, as directors of the corporation, approved of the circular, to know the truth of the facts stated therein and if they did not know whether such facts were true, they were bound to know if they had a reasonable opportunity to ascertain the same. He said, " It is their duty before they allow these representations to be made to the public  *  *  *  to know the facts  *  *  *  even though they believe the representations to be true  *  *  *; if they had ample time to know  *  *  * they are bound  *  *  *. In other words, if although they did not know these facts and did not know them to be false, if they authorized the issuance of the prospectus, and authorized the statements to be made, then they are liable,  *  *  * if in the exercise of ordinary care in the conduct of the business they would have been given means of knowing that they were false  *  .*  *. If they authorized a false statement to be made, when by common prudence and the exercise of ordinary care, they could have discovered that these representations were false, then they are just as liable as if they had actual personal knowledge that they were false."

When the instructions thus given are subjected to the rule above stated, it at once becomes apparent that the same were erroneous. Erroneous, because there was substituted as the test of defendants' liability, negligence, instead of a purpose to deceive. Negligence and fraud are not synonymous terms; nor in legal effect are they equivalent terms. Fraud presupposes a willful purpose resorted to with intent to deprive another of his legal rights. It is positive in that the purpose concurs with the act, designedly and knowingly committed. Negligence, whatever be its grade, does not include a purpose to do a wrongful act. It may be some evidence of, but is not fraud. (*Gardner* v. *Heartt*, 3 Den. 232.) Fraud always has its origin in a purpose, but negligence is an omission of duty minus the purpose. (*People* v.

*Camp,* 66 Hun, 531; *Raming* v. *Metropolitan Street Ry. Co.,* 157 Mo. 477; *Cleveland, C., C. & St. L. R. R. Co.* v. *Miller,* 149 Ind. 490.) This distinction was clearly pointed out in *Kountze* v. *Kennedy* (*supra,* p. 129), the court saying: " Misjudgment, however gross, or want of caution, however marked, is not fraud. Intentional fraud, as distinguished from a mere breach of duty or the omission to use due care, is an essential factor in an action for deceit."

But it is suggested by counsel for respondent that this distinction and the " ancient rule of *scienter* " in actions for deceit has been changed by this court. (*Downey* v. *Finucane,* 205 N. Y. 251.) In this, he is mistaken. It was not the intention of this court in the *Downey* case to overrule prior decisions of the court as to what was necessary to be established in order to recover for fraud and deceit. No such question was presented, considered or passed upon. There, the defendants were held liable for the acts of one Fenn, not upon the ground that he was a co-director, but because defendants had made him their agent as the manager of a syndicate. This was pointed out in *Rives* v. *Bartlett* (215 N. Y. 33).

In the instant case, the defendants, in approving the circular and authorizing Barney & Company to offer the stock for sale, acted solely for the corporation. They were not members of a syndicate to promote the sale, nor were they nor any of them, underwriters of the stock offered to the public. So far as they were concerned, the corporation alone was interested in the sale. Barney & Company was its agent and not the agent of the defendants. (*Arthur* v. *Griswold, supra; Rives* v. *Bartlett, supra.*)

The rule as to the measure of damages was not the one to be applied. The court said to the jury that if the plaintiff were entitled to recover, then he should be awarded " the difference between the value of the stock at the time it was sold to him * * * and the

value of the stock as it would have been at that time if the representations were true." The purpose of an action for deceit is to indemnify the party injured. All elements of profit are excluded. The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong. ( *Urtz* v. *N. Y. C. & H. R. R. R. Co.*, *supra; Ochs* v. *Woods*, *supra.*) The plaintiff paid $5,000 for the stock purchased by him. If he were entitled to recover at all, it was the difference between that amount and the value of the stock which he received with interest from that time. He was not entitled to anything else. This is the rule not only in this state, but in the Federal courts (*Sigafus* v. *Porter*, 179 U. S. 116; *Smith* v. *Bolles*, 132 U. S. 125), and in many of the states (*Reynolds* v. *Franklin*, 44 Minn. 30; *Woolenslagle* v. *Runals*, 76 Mich. 545; *Buschman* v. *Codd*, 52 Md. 202; *Howes* v. *Axtell*, 74 Ia. 400; *High* v. *Berret*, 148 Penn. St. 261; *Greenwood* v. *Pierce*, 58 Tex. 130.) It is also the rule in England. (*Peek* v. *Derry*, 37 Ch. Div. 541.)

In reaching the above conclusion the authorities principally relied upon by the respondent have not been overlooked. (*Whitney* v. *Allaire*, 1 N. Y. 305; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Krumm* v. *Beach*, 96 N. Y. 398; *Vail* v. *Reynolds*, 118 N. Y. 297.) They are clearly distinguishable from the present case. It is true there are expressions in the opinions, and especially in the one delivered in the *Whitney* case, to the effect that the rule of damages in an action on warranty in the sale of personal property is the same as the rule in actions for fraud. Such expressions were unnecessary to the decisions and, therefore, cannot be considered as settling the rule of law on that subject. If, however, it could be held otherwise, then such authorities must be held overruled by subsequent decisions of this court. ( *Urtz* v. *N. Y. C. & H. R. R. R. Co.*, *supra; Ochs* v. *Woods*, *supra.*)

The opinion might well end here but, inasmuch as

there must be a new trial, it may not be out of place to call attention to what I consider erroneous rulings as to the admission of evidence. It appeared that at the time the plaintiff subscribed for the stock, he paid 10% of the purchase price and before making the final payment apparently had become somewhat skeptical as to the value of the stock. He went to the office of Barney & Company and stated to the person in charge that he did not care to make the final payment unless the stock had been fully subscribed; that he would rather lose the $500, which he had paid, than make the final payment, unless the stock had all been sold. He was thereupon referred to Ertz, the president of the corporation. He went to Ertz and repeated in substance what he had to Barney & Company. Ertz told him that while the public subscription had been a failure, the underwriters had agreed to take up the balance that was not subscribed by the public, and the corporation would begin business with $1,000,000 cash in its treasury. This statement of the president satisfied the plaintiff and he thereupon made the final payment. The testimony of the plaintiff as to what Ertz told him should have been excluded upon the objections of the defendants. Ertz was not their agent. He was not authorized to speak for them and there is not a particle of proof that they authorized or approved such statement.

I am also of the opinion that the court erred in receiving in evidence the complaint in the action of the corporation against Ertz and others. In this connection it appeared that Ertz had transferred to the corporation the plant above referred to and certain other assets, for which it had issued to him its stock to the amount of $2,000,000 common and $1,000,000 preferred. Sometime subsequent to the sale of the stock to the plaintiff, the directors of the corporation, including these defendants, believing that Ertz had defrauded it in the transfer of the property at a fictitious value, passed a resolution to the effect

that a committee be appointed to consult counsel for the purpose of ascertaining whether an action could be maintained against Ertz to recover damages for fraud, and if so advised, that an action be brought against him. An action was subsequently commenced against him and others. It was never prosecuted to judgment. The complaint in the action was verified not by any of the defendants, but by the vice-president. It did not appear that any of the defendants ever saw the complaint or knew its contents. This complaint was offered and received in evidence against the defendants' objection. It was not competent against them as an admission because it did not appear that any of them had ever seen it or knew what it contained. It was not competent as the admission of an agent because the co-director who swore to it was not the agent of the defendants. (*Arthur* v. *Griswold, supra; Rives* v *Bartlett, supra; Briggs* v. *Spaulding,* 141 U. S. 132.)

Other errors are alleged which would require serious consideration, but inasmuch as they may not again be presented, it is unnecessary to consider them.

My conclusion is that the judgments of the Appellate Division and the Trial Term should be reversed and a new trial ordered, with costs to abide event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK and CRANE, JJ., concur; CHASE and HOGAN, JJ., concur in result.

Judgments reversed, etc.