FRANK A. REINHARDT, Plaintiff, *v*. HORACE L. DAY CO., INC., Defendant.

Supreme Court, New York County, October 9, 1925.

Attachment — vacation of warrant — action to recover for fraud arising from purchase of stock of defendant — attachment vacated where plaintiff's affidavits fail to recite value of stock at time of purchase or that he has been damaged.

Warrants of attachment issued against defendant's property in an action by the plaintiff based upon alleged fraudulent representations by which plaintiff was induced to purchase defendant's stock, should be vacated, where the affidavits submitted by plaintiff not only fail to show that he has been damaged in any

amount, but also fail to set out the real value of the stock at the time of its purchase. The mere recitation in the affidavits that the stock has not been sold on any stock market within the State, and that plaintiff has been unable to find a purchaser, is not sufficient to entitle plaintiff to an attachment; he must show by *prima facie* evidence, at least, that he is entitled to recover the amount of damages demanded in his complaint.

MOTION by the defendant to vacate and set aside warrants of attachment.

*John Kirkland Clark*, for the plaintiff.

*Beals & Nicholson* [*William J. Martin, Patrick J. Dobson* and *Roswell O. Fish* of counsel], for the defendant.

GLENNON, J. This is a motion made by the defendant to vacate warrants of attachment. The action is based upon alleged fraudulent representations whereby plaintiff was induced to purchase certain stock of the defendant company. Plaintiff asserts that he paid the sum of $50,000 for 500 shares of preferred stock and received 1,000 shares of common stock as a bonus. Upon his statement that the stock is valueless and that he was induced to purchase it through fraudulent representations, coupled with the fact that the defendant was organized under the laws of the State of Delaware, warrants of attachment in the sum of $50,000 have been issued against the property of the defendant located in Westchester and New York counties. I am of the opinion that the warrants should be vacated, since there is nothing before the court at the present time to indicate that the plaintiff has been damaged in the sum of $50,000 or any other amount. The stock was purchased on the 2d day of February, 1924. The proper measure of damages in an action of this character was stated in *Reno* v. *Bull* (226 N. Y. 546, 553), as follows: " The purpose of an action for deceit is to indemnify the party injured. All elements of profit are excluded. The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong." If a recovery is to be had at all, therefore, it must be limited to the difference between the amount of money paid and the value of the stock which was received, with interest from that time. Plaintiff has failed to show in his affidavits what the real value of the stock was on February 2, 1924. Mere legal conclusions are not sufficient to sustain the warrants. Has plaintiff presented evidence of damages of sufficient certainty and definiteness to entitle him to the warrants of attachment for the amount in which they have been issued or for a lesser amount? There is nothing before the court which indicates the real value of the stock at the time it was purchased. The statement by plaintiff

to the effect that the stock has not been sold on the Stock Exchange or other stock market in the city and State of New York, and that he has been unable to find any person who is willing to purchase it, is not a sufficient compliance with the rules laid down in numerous authorities. It must clearly appear by *prima facie* evidence at least that the plaintiff is entitled to recover the amount of damages which he demands. It may well be that the property owned by the defendant at the time of the sale of the stock in question was such as to justify the statements made by its officers. While the defendant has pointed out certain other defects in the affidavits submitted in support of the attachments, I do not think it necessary at this time to discuss at length any other objection to the sufficiency of the papers which have been submitted on behalf of the plaintiff.