GOLDIE ASKIN, Plaintiff, *v.* MORRIS I. LEWIN, Defendant.

Supreme Court, New York County, June 27, 1931.

*Kaufman & Weitzner [Benjamin H. Berman* of counsel], for the plaintiff.

*Joseph I. Green,* for the defendant.

COLLINS, J. The action is in fraud. The complaint alleges that the defendant, the president of Security Associates, Inc., a domestic corporation, represented to the plaintiff that one Ephraim Samuels, then vice-president of a Mount Vernon bank, was endeavoring to acquire control of Security Associates, Inc., by the acquisition of its common stock; that the defendant did not wish Samuels to succeed in that endeavor, desiring the stock to be acquired by his friends, including the plaintiff, who would retain

it and not dispose of it to Samuels, or in the open market; that defendant knew that the plaintiff and her husband were acquainted with Samuels, regarding him as a successful and conservative merchant and banker, and that both plaintiff and her husband reposed confidence in his business judgment; that these representations were made by the defendant to the plaintiff for the purpose of inducing the plaintiff to purchase 250 shares of the common stock of Security Associates, Inc.; that the representations were false and known by the defendant to be false when made; that in truth Samuels at no time endeavored to acquire control of Security Associates, Inc.; that the representations were made by the defendant with intent to deceive the plaintiff; that the plaintiff relied thereon, and so relying purchased the 250 shares for $5,000; that she would not have made the purchase had she not relied on the representations. It is charged that the 250 shares were and are worthless, as a consequence of which plaintiff has been damaged in the amount of the purchase price, namely, $5,000, which sum the action seeks to recover.

The answer is a general denial. In assailing the legal sufficiency of the complaint the defendant urges, in substance, that there were no misrepresentations of a material fact and that no damage is alleged or shown. It may be that the plaintiff has no actionable grievance for having purchased the stock as a part of the defendant's plan to prevent Samuels from gaining control, but the complaint also charges that plaintiff would not have made the purchase had the defendant not represented to her that Samuels so highly regarded the value of the stock that he sought to acquire control.

The complaint clearly charges that the plaintiff was induced to purchase the stock because the defendant falsely represented to her that one in whose business judgment she had confidence was attempting to acquire the stock for his own gain. The concern here is with allegation, not proof. Nothing is alleged or shown to lift this case from the general rule that materiality is ordinarily a question of fact. Whether or not the plaintiff was induced to purchase the stock by reason of the defendant's representation that Samuels sought acquisition is not a question of law. (*Hawley* v. *Wicker*, 117 App. Div. 638.)

The defendant's argument concerning the factor of damages seems to me to proceed upon the erroneous theory that the measure of damages in cases of this character is the difference between what the plaintiff paid for the stock and its value had the inducing representation been true. Stated otherwise, the defendant maintains that even if Samuels had been seeking to acquire control of Security Associates, Inc., such fact would not, in the least, have appreciated

the value of the stock. It may be perfectly true that the presence or absence of Samuels' desire or attempt bore no relation to the intrinsic value of the stock. Nevertheless, the plaintiff insists that because it was represented to her that Samuels was seeking the stock she parted with $5,000 and then discovered that the stock was worthless.

" The purpose of an action for deceit is to indemnify the party injured * * *. The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong. * * * The plaintiff paid $5,000 for the stock purchased by him. If he were entitled to recover at all, it was the difference between that amount and the value of the stock which he received with interest from that time." (*Reno* v. *Bull*, 226 N. Y. 546, 553.) " The damages awarded must represent the loss which the plaintiff sustained through the purchase and continued ownership of the bond. In return for the bond he gave up the sum of $980. He bought for investment, not speculation. * * * The seller's fraud is ordinarily complete and its effect exhausted at the time of the sale and transfer of the chattel. * * * The rule is general that actual pecuniary loss sustained as a direct result of the wrong is the measure to be applied in fixing damages." (*Hotaling* v. *Leach & Co.*, 247 N. Y. 84, 87, 88.) The inquiry was tersely put in *Urtz* v. *N. Y. C. & H. R. R. R. Co.* (202 N. Y. 170, 175) thus: " The question is what was the value of that with which plaintiff parted and what was the value of that which she received? "

Applying the settled rule to the present case, my conclusion is that the complaint sufficiently reveals actionable damages. Accordingly the motion is denied.