Richard J. Sherman, J.
This is an appeal from a judgment of the City Court of Saratoga Springs, rendered on the 30th day of April, 1957, after a trial without a jury in favor of the plaintiff in the sum of $500.10. The action was brought to recover damages allegedly sustained by the plaintiff in an automobile accident involving an automobile owned and operated by the plaintiff and an automobile owned by the defendant.
This court has examined the memoranda submitted and has read the testimony adduced upon the trial.
It is to be inferred that the learned Trial Justice added $100 for personal injuries.
See testimony (p. 9, line 14): “ Those parts cost me approximately one hundred fifty dollars.”
Page 9, lines 18 et seq.: “ Q. You did the work yourself? A. I did.
“ Q. How many hours did you put in in making those repairs? A. Approximately forty-eight hours. ’ ’
Page 9, lines 20 to 25 and page 10, lines 1 to 9: “ Q. Are you familiar with the reasonable value of a mechanic’s services in and about Adams, Mass, at that time? ” By Mr. O’Malley: Objected to as immaterial. Overruled.
“ Q. Tell us what is the fair and prevailing wage for that kind of work?” By Mr. O’Mallet: Same objection. Overruled. “A. Approximately four dollars an hour.”
“ Q. In addition to the work you did yourself, was it necessary to have some other work done by machine? ” By Mr. O’Malley: Objected to as calling for a conclusion and immaterial and improper. Overruled. “ Q. "What was that? A. Painting the fender and the damaged part of the hood $25.00 and re-aligning the wheels $15.00.”
In the main, this was the testimony on the question of damages. Thus, it would seem that the judgment was for *7 property damage in the sum of $382, personal injuries in the sum of $100, and costs.
Defendant-appellant offered a statement in evidence to the effect that plaintiff had no personal injuries. This statement was apparently signed by the plaintiff at the time of the accident and witnessed by a deputy sheriff. The only other testimony as to injury is that plaintiff’s neck got snapped or twisted in some way.
The defendant-appellant contends that the judgment of the City Court is not sustained by the evidence, is contrary to the weight of evidence, contrary to law, and that the plaintiff was guilty of contributory negligence.
The plaintiff-respondent argues that the legal presumption is that the judgment is correct, and every reasonable intendment, on questions of fact as well as law, is to be made in support thereof.
The cases cited by the plaintiff-respondent were all cases where the issue of negligence was sharply contested.
In one case, Rives v. Bartlett (215 N. Y. 33, 38), the court stated: ‘ ‘ The decision of the trial judge on the facts should not be lightly disturbed by a court which can glean the facts only from the printed pages ”, but the decision went on to add: “ and the practice on appeal of granting final judgments on a different view of the facts to that taken by the trial court may, except in reasonably plain cases, lead to grave injustice.” (Italics supplied.)
I feel that this appeal is a reasonably plain ease for reversal of the judgment. I am not taking into consideration the number of witnesses testifying in behalf of the defendant as opposed to the testimony of the plaintiff constituting plaintiff’s entire case. I am concerned with the weight of such testimony. There is a question in my mind as to whether or not the plaintiff made out a case of negligence, and from the record, there seems to be a considerable question as to the contributory negligence of the plaintiff. It does not seem as if the judgment is supported by testimony on the questions of negligence, contributory negligence and the measure of damages.
On these points, and pursuant to the authority contained in section 451 of the Justice Court Act, and in fairness to all of the parties concerned, the judgment of the City Court of the City of Saratoga Springs should be reversed, and a new trial held in the City Court of the City of Saratoga Springs at a time to be designated in the order.
Submit order.