Sidney A. Fine, J.
This motion seeks to dismiss the first and second causes of action (a) as insufficient and (b) on the ground that plaintiff lacks legal capacity to sue. Defendant also seeks to dismiss the third cause on the ground that it is insufficient. He also claims that portions of that cause should be dismissed on the basis of the Statute of Frauds.
According to the plaintiff’s briefs, the first cause of action is one for damages for the alleged fraud and deceit of defendant in inducing plaintiff to enter into an agreement, dated December 17, 1959, and a modifying agreement, dated April 22, 1960. One of the remedies available to one who is induced to enter into a contract by false representations is to affirm the contract and sue, in fraud and deceit, for damages. (Goldsmith v. National Container Corp., 287 N. Y. 438.) The measure of damages in such an action is, however, not the difference between what plaintiff parted with and what she would have received had the representations been true, but rather the difference between what plaintiff gave and what she actually received (Reno v. Bull, 226 N. Y. 546, 553; Hanlon v. Macfadden Pubs., 302 N. Y. 502, 511). This is because the damages in such an action are limited to the amount necessary to indemnify the plaintiff against the loss suffered by her (Reno v. Bull, supra).
*400 All that plaintiff parted with under the contracts with defendant, which this action affirms, were shares of stock in Island Industries, Inc., and a policy of insurance upon defendant’s life. In return, the contracts gave her (1) defendant’s one-half interest in property at 34 East 69th St., New York City, (2) defendant’s obligation to pay and discharge at maturity the principal sum of the mortgage and to pay all interest charges thereon, (3) defendant’s obligation, as long as the 69th Street property continued to be owned by plaintiff, to pay 50% of the necessary cost of essential major repairs, (4) defendant’s obligation to pay plaintiff $37,500 per year as long as she owned and maintained the 69th Street property as her residence, available to the parties’ children, plus an additional $10,000 per year and payment by defendant of the real estate taxes on the property, so long as plaintiff owned the property and the parties maintained a common residence, and (5) certain other obligations assumed by defendant. There is no allegation in the cause of action that the value of the stock and policy which plaintiff transferred to defendant exceeded the value of what she received or was entitled to receive under the affirmed contracts, nor are any facts alleged from which such a conclusion could be made. Indeed, nowhere in the complaint is there any allegation as to the value of the stock and the policy, or as to the value of the one-half interest in the property, the amount of interest defendant was obligated to pay, or the value of certain other of defendant’s obligations under the contracts. For aught that appears in the complaint, the value of the one-half interest in the property transferred to plaintiff and the obligation to pay the mortgage and interest, in themselves, without reference to the other considerations flowing from defendant, exceeded the value of what plaintiff gave up under the contracts.
Even if, as plaintiff claims, she also gave up the amount of alimony to which she would have been entitled but for the contracts, it is still true that there is no way of determining from the complaint what that alimony would have amounted to, or the value of the stock and policy given up by plaintiff, or the value of certain of the obligations undertaken by defendant. There is not even an allegation, as such, that the value of what defendant undertook was less than the value of what plaintiff gave in return.
It is important to note, that plaintiff did not give up, under the contracts, her right to sue defendant for separation and divorce and obtain alimony in such an action. That right was expressly reserved to her in the contracts, although her right to receive the $37,500 or the additional $10,000 would cease. Nor does the complaint sufficiently show that, by executing the *401 contracts, plaintiff gave up her right to sue for separation or divorce on the basis of defendant’s conduct prior to her execution of the contracts. The complaint, in paragraphs 4, 5 and 6, contains a few allegations which were apparently intended to show that plaintiff had a valid cause of action for a separation prior to her execution of the contracts, but said allegations are too vague and conclusory to establish, even for pleading purposes, the existence of such a cause of action. Furthermore, there is nothing in the complaint to show that plaintiff lost an existing cause of separation, if she had one, by relying upon defendant’s representations. The discontinuances of prior actions stated to have been commenced by plaintiff are not alleged to have been induced by the knowingly false representations which plaintiff alleges induced her to enter into the two contracts. The allegation of paragraph 5 of the complaint is merely that at an unspecified time, which may have been long before or after the subsequently alleged false representations, plaintiff discontinued two separation actions on defendant’s assurance that he would change his conduct and adequately provide for her support. It is not alleged that he did not intend, at the time he made the assurances, to perform them, and the assurances cannot, therefore, form the basis of a valid cause of action in fraud and deceit. Furthermore, the second discontinuance was not necessarily a bar to a subsequent separation action, based on the same facts, under subdivision 5 of rule 301 of the Buies of Civil Practice, for there is no allegation that the second discontinuance was ‘ ‘ by means of notice ’ ’, as required to make that subdivision applicable. It may have been by stipulation or order. Nor is there anything in the complaint to establish that the execution of the two contracts forfeited plaintiff’s right to sue for a separation on the basis of defendant’s conduct prior to the contracts. The contracts purport to be agreements for the reslution only of disputes of property differences. The first contract, which was merely amended in certain other respects by the second, recited that the parties “have heretofore established their residence and domicile in Puerto Bico as of December, 1958 ”, more than a year earlier. Paragraph fifth provides that ‘ ‘ in the event that the parties shall cease for any reason whatever to live together as husband and wife ”, defendant shall continue to pay the annual amount for support and also taxes, provided plaintiff continues to own the 69th Street property. This indicates that the parties were living together prior to the contract. There is no allegation in the complaint that plaintiff resumed residence with defendant only after the knowingly false allegations *402 referred to in paragraphs 8 and 15. There is an allegation that one of the representations was that it was necessary for plaintiff to reside with defendant in Puerto Rico, but this does not necessarily mean that plaintiff was not residing there at the time, or that defendant was not then residing with her in New York, or, even if one lived in New York and the other in Puerto Rico, that their physical separation was not by mutual consent.
For the reasons indicated, the first cause of action, in fraud and deceit, is insufficient for failure to allege sufficient ultimate facts to establish that plaintiff, as the result of the deceit, suffered damage, within the rule of Reno v. Bull and Hanlon v. Macfadden Pub. Inc. (supra).
The second cause of action is also insufficient. There is nothing in the allegations of that cause which establishes that plaintiff lost her only right as widow, viz., “ her share of the estate as in intestacy” (Decedent Estate Law, § 18) subject to the limitations, conditions and exceptions contained in section 18 (supra). Nothing in the contracts forfeited that right. Even if the contracts had not been executed by plaintiff, defendant would have been free, during his lifetime, to dispose of his property, by sale, gift, or otherwise (Newman v. Dore, 275 N. Y. 371). Cardy v. Cardy (6 N Y 2d 943) is inapplicable for it involved plaintiff’s community interest in property under foreign law.
The third cause of action seeks reformation of the contracts between the parties. The fact that some of the requested modifications relate to matters coming within the Statute of Frauds is no defense to the cause of action to reform the contracts by making these modifications (Brandwein v. Provident Mut. Life Ins. Co., 3 N Y 2d 491, 496; Hippodrome Garage Corp. v. Sixth Ave. & 44th St., Corp., 84 N. Y. S. 2d 123).
Plaintiff is entitled, if she proves the allegations of paragraphs 36 and 37 of the complaint, to reform the agreements of the parties so as to require defendant to execute a will making the provision for plaintiff which she claims, in paragraph 35 of the complaint, had been orally agreed upon. She is also entitled, on proof of the allegations in paragraphs 42, 43, 44, 47, 48, 49, 50 and 51, to the modifications requested in paragraphs 45 and 52. She is further entitled, as proof of the allegations of paragraphs 54, 55, 56, 57 and 58, to the relief requested in paragraph 59. On proof of the allegations of paragraphs 61, 62, 63, 64 and 65, she is entitled to the relief sought in paragraph 66. On proof of the allegations of paragraphs 68, 69, 70, 71 and 72, plaintiff is entitled to reform the agreements so as *403 to make the provision agreed upon, but not necessarily to the modification proposed in paragraph 73. On proof of the allegations of paragraphs 75 and 76, she is entitled to the modification requested in paragraph 77.
Defendant’s claim that the agreements sought to be reformed are invalid as contracts ‘ ‘ to relieve the husband from his liability to support his wife ” (Domestic Relations Law, § 51) appears to be without merit. The agreements did not purport to relieve defendant of his liability to support plaintiff. Indeed, the latter was expressly given the right to bring a matrimonial action (in which she could obtain support) at any time (see, also, Brooklyn Trust Co. v. Lester, 239 App. Div. 422, 429). In Garlock v. Garlock (279 N. Y. 337), cited by defendant, the contract provided for the husband’s release of any and all obligations, except those stated in the agreement between the parties.
In view of the conclusions reached, it is unnecessary to consider the claim that plaintiff lacks capacity to maintain the first and second causes of action, or the applicability of Weintraub v. Weintraub (302 N. Y. 104), relied upon by defendant.
The motion is granted to the extent of dismissing the first and second causes of action, as insufficient, and denied, in its entirety, as to the third cause of action. Plaintiff may serve an amended complaint as to the first cause of action, within 10 days from the service of a copy of this order with notice of entry. [See, also, Lacks v. Lacks, 29 Misc 2d 1036.]