321 F.2d 42
 Hal E. ROACH, Senior, individually, and as Trustee under a
certain Declaration of Trust dated February 1,
1941, Appellant,
v.
RELDAN TRADING CORPORATION, Cohen-Manheimer Corp. and
Benjamin C. Cohen, Appellees.
 No. 329, Docket 28062.
 United States Court of Appeals Second Circuit.
 Argued April 23, 1963.
Decided Aug. 6, 1963.
 
 Lynne Anderson Warren, Upper Nyack, N.Y., for appellant.
 Natanson & Gordon, New York City (Jay F. Gordon, New York City, of counsel), for appellees.
 Before SWAN, WATERMAN and MOORE, Circuit Judges.
 LEONARD P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from dismissal of plaintiff's action under Rule 12(b)(6) of Fed.R.Civ.P. The trial court dismissed the action on 'the sole ground that any claims raised in this complaint or which could be pleaded on the basis of the underlying facts stated therein should be * * * submitted to the jurisdiction of the reorganization or bankruptcy court.'
 
 
 2
 The complaint sets forth three causes of action in forty-eight redundant and confusingly phrased paragraphs. Appellant concedes that about ninety percent of the complaint does relate to causes of action, based on alleged looting of the corporation and violation of the antitrust laws, which belong to the reorganization trustees, but argues that the complaint also pleads a cause of action that is personal to plaintiff. We agree.
 
 
 3
 According to the complaint, plaintiff, Hal Roach, Sr., individually and as trustee under a certain trust indenture, entered into an agreement with Hal Roach Enterprises, a corporation now in reorganization under Chapter X of the Bankruptcy Act in the United States District Court for the Middle District of Pennsylvania, and with Hall Roach, Jr., plaintiff's son, to sell to that corporation, which was controlled by Roach, Jr., all of the assets of certain other corporations. The purchase price was to be paid in monthly installments over a thirty-year period. One of the conditions of the agreement was that Roach, J., could not dispose of his controlling interest in the corporation without plaintiff's prior written approval. The transfer of assets specified in the agreement was later effected and payments to plaintiff commenced.
 
 
 4
 The complaint charges that defendants fraudulently caused Roach, Jr., and the corporation to breach the terms and conditions of the contract and caused written consents to sale of the stock and waivers of other conditions to be obtained from plaintiff by fraudulent means. This cause of action is a claim based on fraud and malicious interference with contract and belongs to plaintiff, not in any derivative way, but as a person directly injured. It did not accrue or belong to the corporation before reorganization, an essential element underlying the trustees' right to maintain suit to recover any loss plaintiff may have suffered because of this conduct. Nor is it a suit against the bankrupt corporation for breach of contract that would have to be maintained in the reorganization court.
 
 
 5
 As the district court quite properly held, plaintiff may not maintain, in the court below, claims against the bankrupt corporation or claims that properly belong to the bankrupt. See Gochenour v. George & Francis Ball Foundation, 35 F.Supp. 508 (S.D.Ind.1940), aff'd Gochenour v. George & Frances Ball Foundation, 117 F.2d 259 (7th Cir. 1941), cert denied, 313 U.S. 566, 61 S.Ct. 942, 85 L.Ed. 1526 (1941); Gochenour v. Clevelant Terminals Bldg. Co., 118 F.2d 89 (6th Cir. 1941). Any trial in the district court upon the complaint as now drafted should be limited to the cause of action personal to plaintiff as outlined above. Such clarification as may be necessary to accomplish this result is left to the discretion of the district court by appropriate pre-trial procedures.
 
 
 6
 Reversed and remanded.
 
 
 7
 SWAN, Circuit Judge (concurring in result).
 
 
 8
 I concur in the result because I believe the plaintiff should be given an opportunity to amend the complaint, even though no request to amend was made. Since federal jurisdiction exists only by reason of diversity of citizenship, the element of fraud are to be determined by state law. 2 Moore Federal Practice, Par. 9.03. Reno v. Bull, 226 N.Y. 546, 124 N.E. 144, sets out five elements which must be alleged and proved. Merely conclusionary allegations of fraud will not suffice. I think amendment is necessary before the case goes to trial.