■ REGINALD M. TUCCI, Plaintiff, v. EARLEEN M. DI PAOLA, Defendant. REGINALD M. TUCCI, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.— Order unanimously modified by granting defendant's motion to dismiss plaintiff's complaint in Action No. 2 insofar as demand is made for punitive damages and as modified, affirmed, without costs. Memorandum: Defendant's motion to dismiss plaintiff's complaint in Action No. 2,

.insofar as demand is made for punitive damages, should be granted. Plaintiff makes no allegation in his complaint in such action that defendant has been engaged or is engaging in a general or continuing scheme of misrepresentation in order to obtain releases in favor of its assureds or that the conduct charged was other than an isolated transaction incident to an otherwise legitimate business. Nor does the conduct alleged in the complaint demonstrate such wanton dishonesty as to imply a criminal indifference to civil obligations (see *Walker* v. *Sheldon*, 10 N Y 2d 401). Defendant also seeks to dismiss the complaint in Action No. 2 upon the ground that there are no provable compensatory damages since the release defense has been withdrawn in Action No. 1. If plaintiff was induced to release a valuable claim through defendant's fraudulent misrepresentations, then defendant is liable for whatever damages he suffered as a result of the fraudulent representations (*Reno* v. *Bull*, 226 N. Y. 546). It should be left for determination on trial as to what, if any, compensatory damages plaintiff has sustained. (Appeal from part of order of Erie Special Term denying motion to dismiss complaint.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.