PEOPLE ex rel. O'BRIEN v. SCANNELL, Fire Commissioner.

(Supreme Court, Appellate Division, First Department.    July 17, 1900.)

OFFICERS—DISCHARGED SOLDIERS—FIRE DEPARTMENT—PENSION—RETIREMENT FROM OFFICE—CIVIL SERVICE REQUIREMENTS—CHARGES AND HEARING.

    Since the retirement contemplated by Greater New York Charter, § 790 (Laws 1897, c. 378), authorizing the fire commissioner to retire officers of the uniformed force, found physically or mentally disqualified on medical examination, on pension, is not a removal within Laws 1899, c. 370, § 21, prohibiting removal of honorably discharged soldiers from public position or employment except for incompetency or misconduct after hearing on stated charges, such charter section was not repealed or modified by such act, and hence a hearing, after due notice, on stated charges, was not necessary to retirement of an honorably discharged soldier from office in the uniformed force of the fire department, on pension.

Appeal from special term.

Application for mandamus by the people, on relation of Patrick O'Brien, against John J. Scannell, as fire commissioner of the city of New York, to compel relator's reinstatement in office. From an order denying the writ, relator appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Samuel H. Ordway, for appellant.

Theodore Connoly, for respondent.

O'BRIEN, J.    The relator is an honorably discharged veteran of the Civil War, who for a number of years has been a member of the uniformed force of the fire department of this city, and since January, 1894, has been a foreman or captain in the department receiving a salary of $2,160, the duties of which position he alleges he performed at all times faithfully and well.    No charges were made against him, but it appears by the return of respondent that on November 8, 1899, the fire commissioner received from the chief of the department a recommendation that the relator and another person "be examined by the medical officers as to their qualifications to perform duty"; that the recommendation was approved, and referred to the medical officers of the department, who were requested to cause an examination to be made of the relator.    Subsequently the medical officers examined the relator, and made a report "with reference to his physical and mental ability to perform the duties of his position," and, after stating what he was suffering from, certified that he was "permanently disabled for the performance of the duties of his position; that the disability is of such a nature as to render him unfit for the performance of duty in this department."

Upon this report, the chief recommended that the relator be retired from service, which recommendation was approved by the commis sioner, and the relator was retired on a pension of $1,080 per annum.

The authority for the action taken by the fire commissioner is to be found in section 790 of the Greater New York charter (chapter 378, Laws 1897), which gives him the right "to retire from all service in the said fire department * * * any officer or member of the uniformed force of said department who may, upon an examination of the medical officers, ordered by the said fire commissioner, be found to be disqualified physically or mentally for the performance of his duties." Although the general power of the commissioner thus conferred to retire any member of the force who is unable to perform his duties is recognized, it is urged by the relator that this power is subject and subordinate to the rights accorded to a veteran to retain his position until he has had a hearing upon due notice, upon stated charges, pursuant to section 21 of chapter 370 of the Laws of 1899, which, he insists, modifies or repeals or renders inapplicable to veterans the provisions of section 790 of the charter. It may be conceded, as contended by relator, that the act of 1899 takes away the power of the commissioner to remove a veteran "except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges." The question, therefore, presented upon this appeal, is simple, only one point being in dispute, namely, whether retirement on a pension is a removal within the meaning of the civil service law of 1899. This we do not regard as any longer an open question, it having been held in the Second department (People v. Bryant, 28 App. Div. 483, 51 N. Y. Supp. 120) that a retirement on a pension was not a removal. As said by the learned judge writing the opinion in that case, speaking of a proceeding taken to retire a member on a pension:

"The purpose of the proceeding is to benefit the person proposed to be retired by conferring upon him the right to continued compensation from the government without exacting the performance of any further duty in return therefor. The removal contemplated by the charter provision, to which reference has been made, is a proceeding distinctly adverse to the person sought to be removed, and which, if carried out, must result to his detriment."

It is argued, however, by the relator that this decision is not controlling,—for the reason that a distinction is to be drawn between that case and the one at bar, growing out of the fact that the clause relating to removal and the clause relating to retirement were in the same charter of Brooklyn, while here the veteran act was entirely separate and distinct from the New York charter, being a general statute enacted later than the charter provisions, and therefore repealing or modifying such provisions of the charter as were repugnant to it. This argument concedes that the Greater New York charter confers upon the commissioner the right for physical or mental disability to retire a member of the force on a pension, and that the veteran act is directed to preventing a removal except upon charges; so that we are brought back again to the very question decided in the Bryant Case, as to whether a retirement is a removal, and that decision should be followed, not alone because of the respect due to

65 N.Y.S.—53

the decisions of that court, but also because we think it is fully sustained in reason.

Were the relator's argument to prevail, a veteran could not be retired unless there was sufficient cause for his removal, and, in order to make provision for a worthy member of the force by retiring him upon a pension, it would first be necessary to remove him on charges for incompetency or misconduct. What was intended by the charter provisions was to keep the force up to a certain degree of efficiency, and, in addition, to leave it in the power of the commissioner to make suitable provision by retirement on a pension for a deserving member of the force who had become physically unable to perform the duties of his position. The purpose of the veteran act was to protect a veteran from removal except for cause, but there is nothing in the language of the statute which would prevent the commissioner from retiring him for physical or mental disability. The construction contended for would place veterans in the position of being deprived of the benefits accruing to one retired upon a pension, and when unable, by reason of physical or mental disability, to perform their duties, they could only be dealt with by being first removed on charges either of incompetency or misconduct, after notice and a hearing. In other words, it would be necessary first to find a veteran guilty, and remove him, before according to him the benefits resulting from retirement upon a pension.

We think that the order appealed from was right, and should be affirmed, with $10 costs and disbursements. All concur.