THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS SOLOWITZ, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of the crime of assault in the third degree, and from the suspended sentence. Judgment unanimously affirmed. No opinion. No separate appeal lies from the suspension of sentence, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., MacCrate, Beldock, Murphy and Ughetta, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP TRAVATO, Appellant.— Defendant appeals from a judgment of the County Court, Suffolk County, rendered on a jury verdict, convicting him of the crimes of burglary in the third degree, grand larceny in the first degree and possession of burglar's instruments, as a felony, and sentencing him as a second felony offender to serve from ten to twenty years each on the counts of burglary and grand larceny and from five to ten years on the count of possession of burglar's tools; the sentences to run concurrently. Defendant also appeals from "each and every order therein made." Judgment unanimously affirmed. No opinion. No separate appeal lies from the orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ.

■

BENJAMIN F. RAINES, Respondent, v. SIRA PROPERTIES, INC., et al., Appellants.— In an action by a vendee of a dwelling house to recover damages for fraud and breach of the contract of sale, defendants appeal from so much of an order as denies in part their motion to modify plaintiff's notice of examination of defendants before trial. Order modified by striking out of item 11, which item is set forth in the second ordering paragraph thereof, the words "as an entirely new building and". As so modified, order, insofar as appealed from, affirmed, without costs. Item 11 relates to the matter of damages for the fraud alleged in the first cause of action, that is, fraudulent representation that the house was being built of entirely new materials, and concealment of the fact that part of the building was a pre-existing structure. The applicable rule of damages is the difference between the contract price and the market value of the property at the time of the sale. (Reno v. Bull, 226 N. Y. 546, 553; Nelvan Constr. Corp. v. Sanka Realty Corp., 227 App. Div. 51.) Under the circumstances it is not necessary and material in the prosecution of plaintiff's case to inquire into what the value of the premises would have been had the house been an entirely new structure. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.