LEE MANCHEL, Respondent, *v.* NATHAN KASDAN et al., Appellants.

First Department, October 11, 1955.

*Jack B. Weinstein* for appellants.

*Benjamin Lewis* of counsel (*Samuel P. Adelman*, attorney), for respondent.

*Per Curiam.* In this action brought in fraud, the plaintiff alleges that he was employed under a written contract as a salesman for the defendant; that thereafter he was asked to take the position of field sales manager, and that a written

agreement was entered into between the parties, which set forth in detail the terms of employment and the plaintiff's compensation. The plaintiff claims he was fraudulently induced to sign the said agreement by the defendant's promise to pay additional compensation in the nature of a bonus in the event that the total sales for the year reached a certain figure and that, relying upon that promise, he signed a written agreement which was completely silent as to the alleged promise; he further claims that the said promise was made to entice the plaintiff to sign the agreement, and when made, the defendant did not intend to pay the plaintiff any additional compensation, other than that specified in the written agreement. Defendant denies making any promises at all, other than that contained in the contract.

The plaintiff has failed to make out a case of fraud. The evidence must be clear and convincing and the inference of fraud unequivocal. In *Central Sav. Bank in City of N. Y.* v. *Amted Realty Co.* (274 App. Div. 392, 393–394) COHN, J., quoted the language of *Adams* v. *Gillig* (199 N. Y. 314, 318) where the court said: " ' It may be assumed that promises of future action that are a part of the contract between the parties, to be binding upon them, must be stated in the contract. An oral restrictive covenant, or any oral promise to do or refrain from doing something affecting the property about which a written contract is made and executed between the parties, will not be enforced, not because the parties should not fulfill their promises and their legal and moral obligations, but because the covenants and agreements being promissory and contractual in their nature and a part of, or collateral to a principal contract, the entire agreement between the parties must be deemed to have been merged in the writing. The value of a writing would be very seriously impaired if the rule mentioned in regard to including the entire agreement in such writing is not enforced.' "

The judgment should, therefore, be reversed and the complaint dismissed.

COHN, J. P., BASTOW, BOTEIN, RABIN and COX, JJ., concur.

Judgment unanimously reversed, with costs to the appellants, and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs.