Arthur Wachtel, J.
Plaintiff entered into a contract with defendants for the sale of his house for $10,800. It is not disputed that of said purchase price plaintiff has not been paid the sum of $700.
Defendants counterclaim in the amount of $700, on the ground that plaintiff fraudulently induced the defendants to enter into the contract of sale by failing to disclose to the defendants that the boiler in the said premises was defective to such an extent that it required major repairs or replacement. It is conceded that a red tag was placed on the boiler prior to the sale indicating that it had a defect. Defendants claim that plaintiff led them to believe it was a minor defect, and that it merely required a cleaning for which the defendants consented to an allowance upon the cleaning in the sum of $15. Actually, it was a major *146 defect which defendants claim would require the expenditure of $700.
The essential elements for an action of fraud and deceit are: one, representation; two, falsity; three, scienter; four, deception and injury (Hanlon v. Macfadden Pub., 302 N. Y. 502). The defendants have the burden of proof as to these essential elements. Where parties have a relation of buyer and seller not affected by any fiduciary obligation, there is no duty to disclose all collateral circumstances known to one and unknown to the other affecting the value of the subject matter of a sale. However, defendants rely upon the following qualifications of the rule as stated in Stewart v. Wyoming Ranche Co. (128 U. S. 383, 388) and quoted by Mr. Justice Uutebmeyeb in Noved Realty Corp. v. A. A. P. Co. (250 App. Div. 1, 5-6): “In an action of deceit, it is true that silence as to a material fact is not necessarily, as matter of law, equivalent to a false representation. But mere silence is quite different from concealment; aliud est tacere, aliud celare-, a suppression of the truth may amount to a suggestion of falsehood; and if, with intent to deceive, either party to a contract of sale conceals or suppresses a material fact which he is ,in good faith bound to disclose, this is evidence of and equivalent to a false representation, because the concealment or suppression is in effect a representation that what is disclosed is the whole truth. The gist of action is fraudulently producing a false impression upon the mmd of the other party; and if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff.” (Italics supplied.)
There are limits beyond which parties even in the relation of buyer and seller may not go in the concealment of material facts, and it was held in the Noved Realty Corp. case (supra) that such limits had been exceeded where a prospective purchaser of a second mortgage obtained a $3,000 reduction in price by disclosing the existence of a conditional sales contract which would require the expenditure of at least $3,000, but concealing the fact that the payment for the said conditional sales contract had been secured by a deposit in escrow of $5,500. The court in arriving at its decision indicated that the concealment was related to a successful attempt on the part of the purchaser to convey the impression that it would have to discharge a lien at its own expense, and the suppression of fact, coupled with the impression, consciously created, “ exceeded *147 the bounds which separate shrewd trading from the domain of fraud.” (P. 6.)
In the case at bar, the defendants admitted that they saw the red tag on the boiler before title was closed. When they asked the plaintiff about this, the plaintiff told them it merely needed a cleaning job. However, the defendants admitted that they had the burner examined by a Mr. Carey, and obtained an estimate of $15 for a cleaning job, and that he agreed to accept this amount in the form of an allowance at the closing. After title was closed, they had a man examine the boiler, were told to get a plumber, and they then secured the services of Mr. D’Aria. They were told that it could not be repaired; that the boiler was dangerous to use; that D’Aria could not weld it to stop the leak, and it would not last if it were welded, and that the fair and reasonable cost of a boiler of the type on the premises would be $700. The real estate broker, Edward A. Parilla, testified that he showed the property to Mr. and Mrs. Abramo; that ho noticed the tag on the burner; that he had read the tag, and he showed the defendants the tag and told them that the plaintiff wanted to sell the house as is. Edward Black, the Consolidated Edison inspector, testified that he inspected the gas burner on October 9,1954 when the change was made to natural gas, and as of that time the condition of the hot water boiler was fair. He testified that a leak opened up upon application of heat, and that a red tag was put on on that date, because to operate the equipment would result in a “ damaging condition,” and the plaintiff was advised to have the “necessary repairs.”
Upon the record, it may reasonably be inferred, with respect to the issue as to fraudulent intent, that Castelli knew, having-been told by the Consolidated Edison man, and knowing that a red tag* had been placed upon the boiler that there was a water leak and that to operate the equipment would result in a “ damaging condition,” and that he had to have “ necessary repairs.” This is not the same as saying that all the boiler needed was a cleaning job, which would cost only $15. Yet, there is no testimony to the effect that any estimate had been made prior to the closing of title, which may have been broug’ht to the knowledge of Castelli to the effect that major repairs of as much as $700 would be required. Furthermore, there was no concealment of the fact that there was a defective condition. Plaintiff testified that he specifically told defendants there was a leak in the “ boiler.” The criticism of defendants is that plaintiff stated that in his opinion the condition was a minor one, *148 when in fact it was a major defect. Yet, the true nature of the defect was certainly susceptible of determination not only by plaintiff, but also by defendants.
In the Noved Realty case (supra), the defrauding party admittedly knew the specific fact which was concealed, namely, the escrow held to cover the payment of the conditional sales contract, yet he deliberately conveyed the impression that he would have to bear the expense of canceling the lien to the extent of about $3,000. In the case at bar, there is no proof that Castelli knew it would cost $700 to repair or replace the boiler, and to that extent, this case is distinguishable from the Noved case. Even on the basis of the Noved case, the defendant has the burden of proving scienter, the conscious creating of a false impression by suppression of fact. A mere statement of opinion is not sufficient basis for actionable fraud (Benz v. Kaderbeck, 241 App. Div. 583; Banner v. Lyon & Healy, 249 App. Div. 569, 571; and cf. Ultramares Corp. v. Touche, 255 N. Y. 170, 179; Kountze v. Kennedy, 147 N. Y. 124). “The evidence must be clear and convincing and the inference of fraud unequivocal” (Manchel v. Kasdan, 286 App. Div. 483, 484).
However, even if such an inference could be drawn from the testimony, the defendants have not proved the damages recoverable in this type of case. The case of Vail v. Reynolds (118 N. Y. 297) upon which defendants rely sets forth the measure of damages as the “ difference between the article sold and what it should be according to representations.” (P. 303.) The attorney for the defendants relies upon the use of the phrase “indemnity for loss sustained” in the statement of the rule quoted from the decision of Weigel v. Cook (237 N. Y. 136) but this statement of the rule as to the measure of damages in an action for fraud and deceit must be read in the light of the complete explanation of the rule as it has been set forth by the Court of Appeals in Reno v. Bull (226 N. Y. 546). As the court said in that case (p. 553): “The purpose of an action for deceit is to indemnify the party injured. All elements of profit are excluded. The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong. (Urtz v. N. Y. C. & H. R. R. R. Co., supra; Ochs v. Woods, supra.) The plaintiff paid $5,000 for the stock purchased by him. If he were entitled to recover at all, it was the difference between that amount and the value of the stock which he received with interest from that time. He was not entitled to anything else. This is the rule not only in this state, but in tho Federal courts * * * It is also the rule in England.”
*149 As the court said in Gainsburg v. Bachrack (241 App. Div. 28, 33, affd. 266 N. Y. 468) “ The measure of damages in such a case is the difference between the amount paid for the property and the value thereof at the time of the sale or acquisition ”.
This statement of the rule has been reaffirmed by the Court of Appeals in Hanlon v. Macfadden Pub. (302 N. Y. 502, supra) which is relied upon by the attorney for the defendants. In the Hanlon case the court said (p. 511): “ The measure of damages in an action for deceit is firmly established. Plaintiff is entitled to indemnity for the actual pecuniary loss sustained as a direct result of the wrong. (Sager v. Friedman, supra, p. 481; Reno v. Bull, supra, pp. 552-553; 1 Clark, New York Law' of Damages, § 421.) * * * In the ordinary case of deceit, the measure of damage would be ‘ the difference between the value of the thing bought, sold or exchanged and its purchase price or the value of the thing exchanged for it \” (Cf. Raines v. Sira Properties, 286 App. Div. 853.)
This rule as to the measure of damages has not been followed in the case at bar. The rule in New York is not the “ benefit of the bargain” rule, but the “out-of-pocket loss” rule (37 C. J. S., Fraud, § 41, p. 295; § 143, pp. 475-485, and cases there cited.)
Judgment for plaintiff for $700.
Counterclaim dismissed.
Ten days’ stay.