In the Matter of Henry C. Raab, Appellant, *v.* Board of Trustees of the Village of Ardsley, Respondent.

Second Department, January 27, 1964.

*Morris Weissberg* and *Walter A. Caddell* for appellant.

*Barry Golomb, Village Counsel,* for respondent.

CHRIST, J.   Petitioner is a member of the New York State Employees' Retirement System and has held the office of Chief of Police of the Village of Ardsley from July 30, 1940, when he was promoted from a competitive promotion eligible list, up to and including July 4, 1963.   On October 26, 1962, while off duty, he suffered a heart attack and was hospitalized.   From that date until July 4, 1963 he was on sick leave, with full pay; however, he also consumed during that period, his accumulated vacation time for the years 1962 and 1963.

After his discharge from the hospital, petitioner underwent a series of cardiac examinations, one of which was made by a consulting cardiologist for the New York City Police Department.   His opinion or evaluation was that the petitioner was " not capable of full police duty."

The respondent, the Village Board of Trustees acting as the Board of Police Commissioners, met with petitioner and his representatives on several occasions.   The conflicting medical

opinions or evaluations and the petitioner's retirement for physical disability were discussed, but no agreement was reached. At a meeting of the board on June 17, 1963, the board by a vote of 4 to 1 adopted a resolution to retire petitioner at midnight, July 4, 1963. This resolution authorized the Mayor of the village " to complete and submit to the New York State Employees' Retirement authorities any necessary papers and documents to effect such retirement." Petitioner, by letter to the board dated the same date as the board's meeting, declined to apply for retirement.

The Mayor, acting on the board's resolution, made application to the New York State Employees' Retirement System for the petitioner's ordinary disability retirement. This application and a copy of the petitioner's letter declining to submit such an application were mailed to the Retirement System. The State Comptroller, as administrative head of the Retirement System and pursuant to statutory authority (Retirement and Social Security Law, §§ 11, 62), declined to accept the application and advised the board that there was no provision of law empowering the Mayor to make the application on behalf of the petitioner.

The board nevertheless has barred petitioner from his office, has prevented him from performing his duties and has failed to pay him his salary subsequent to the effective date of the " retirement ". The efficacy of this " retirement " is the decisive factor in determining the merits of the petition and the validity of the order under review.

Section 62 of the Retirement and Social Security Law vests in the State Comptroller exclusive and final authority to retire a member of the State Employees' Retirement System, based on physical disability. The section provides in pertinent part: " If the comptroller determines that the member is physically * * * incapacitated for the performance of duty and ought to be retired for ordinary disability, he shall be so retired. Such retirement shall be effective as of a date approved by the comptroller." No such right to retire a member is available to the board; hence, its purported " retirement " of petitioner was a nullity.

There is wisdom in this statutory plan. The Comptroller, in passing judgment, acts as protector of the rights of the municipality, of the employee, and of the State Retirement System itself. Here the petitioner may not be compelled to retire for physical disability without a finding by the Comptroller that such disability in fact exists; his finding is a prerequisite to the petitioner's compulsory retirement. The board may not ignore

or dispense with this protective prerequisite by assuming the power to discharge the petitioner for physical incompetence, especially where the Comptroller has declined, for procedural or substantive reasons, to adjudge him physically disabled.

Since the petitioner believed himself to be fit to perform the duties of his office, he was not required to apply for retirement; this would be an admission of unfitness. The board may not place him in the unhappy dilemma of either conceding his unfitness or being discharged.

We hold, therefore, that the Comptroller's decision was binding on the board and the latter's attempt to frustrate the statutory authority of the Comptroller is ineffectual. In a proper proceeding, however, the Comptroller's decision would be reviewable (see *Matter of McCurdy* v. *Cade*, 19 A D 2d 627; Retirement and Social Security Law, § 62, subd. a, par. 2). The cited statute provides in part: '' Application for an ordinary disability retirement * * * may be made by: * * * 2. The head of the department in which such member is employed ''. In the instant case, the application for retirement was made by the Mayor who is not the head of the Police Department. Although the application is not in the record before us, we presume it was made by the Mayor nominally, pursuant to the authority given him by the Board of Police Commissioners which is the '' head of the department '' in which the petitioner holds office.

Since the '' retirement '' by the board was a nullity, we conclude that the petitioner remains Chief of Police of the village (see *Matter of Pierne* v *Valentine*, 291 N. Y. 333) and is entitled to his salary from July 5, 1963.

In view of the ground for our decision, we do not reach the question as to whether the petitioner's retirement is a removal within the meaning of section 75 of the Civil Service Law, which provides in pertinent part that stated public employees (petitioner falls within one of the stated categories) '' shall not be removed * * * except for incompetency or misconduct shown after a hearing upon stated charges '' (see *People ex rel. O'Brien* v. *Scannell*, 53 App. Div. 161, affd. 164 N. Y. 572).

Accordingly, the order should be reversed on the law, with costs; the action taken by respondent Board of Trustees, acting as the Board of Police Commissioners with respect to petitioner's continuance in office as Chief of Police, should be annulled; the petition should be granted, with costs; and the Board of Trustees should be directed to restore petitioner to his position as Chief of Police of the village and to permit him to

perform the duties of such position, with full salary to be paid to him from July 5, 1963. No questions of fact were considered.

KLEINFELD, Acting P. J., HILL, RABIN and HOPKINS, JJ., concur.

Order reversed on the law, with costs; the action taken by respondent Board of Trustees, acting as the Board of Police Commissioners, with respect to petitioner's continuance in office as Chief of Police, is annulled; the petition is granted, with costs; and the Board of Trustees is directed to restore petitioner to his position as Chief of Police of the village and to permit him to perform the duties of such position, with full salary to be paid to him from July 5, 1963. No questions of fact were considered.