■ In the Matter of IRENE HAUGH, Petitioner, v. ARTHUR LEVITT, as Comptroller of the State of New York et al., Respondents.— *Per Curiam.* Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which disapproved petitioner's claim for the ordinary death benefit pursuant to section 60 of the Retirement and Social Security Law. Petitioner is the widow of Patrick S. Haugh, an elevator operator of the Appellate Division, First Department, from 1945 until his death in 1966. Recompensed by the City of New York prior to July 1, 1966, thereafter and until his death the husband was paid by the State of New York, pursuant to chapter 916 of the Laws of 1966. His application for transfer from the New York City Retirement System to that of the State, in which he represented his birthdate as December 25, 1898 was accepted and on November 4, 1966 he applied for retirement designating January 19, 1967 as the effective date. Death intervened on November 27, 1966. The wife, as designated beneficiary, applied for ordinary death benefits, payable on a member's death prior to the effective retirement date pursuant to section 60 of the Retirement and Social Security Law, and submitted decedent's birth certificate, which was found among the husband's effects after his death and which gave his date of birth as January 30, 1896. The State Retirement System denied benefits and, after a hearing at which evidence was submitted, respondent Comptroller rejected the claim on the ground that decedent was past retirement age when he applied for membership in the State System and also when he died. By this proceeding, Mrs. Haugh seeks said ordinary death benefit or, in the alternative, survivor's benefits under section 154 of the Civil Service Law. The amendment of section 346 of the Judiciary Law (L. 1966, ch. 916), transferring payment of salaries for employees such as decedent from New York City to the State effected a change

of responsibility for payment but did not alter accrued rights of employees affected. Having been accepted in the City's plan, deceased would have received the City benefits and the mere financial scheme of New York City and the State should not vitiate substantial rights accrued under the City program for over 20 years, absent some deliberate misfeasance on the employee's part. While the State System has restrictions on the time of death, mere membership in the City's System is required for collection of ordinary death benefits (Administrative Code of City of New York, § B3–32.0) and, since he could have received benefits from the City but for the State's acceptance of fiscal responsibility in 1966, the State should be accountable for the ordinary death benefit. The argument that decedent should have retired under the city plan presupposes that he knew he was 70 years old and eligible when he applied to the State and dropped out of the city plan. The position taken by the determination under review is unreasonable because it strips petitioner of validly accrued rights, interfered with by the State, without any finding of fraud or adequate basis in the record for such a finding (see *Adams* v. *Gillig,* 199 N. Y. 314, 323; *Manchel* v. *Kasdan,* 286 App. Div. 483, affd. 1 N Y 2d 734; *Lynch* v. *Gibson,* 254 App. Div. 47, 51, affd. 279 N. Y. 634). Fraud not having been found and there having been an acceptance of membership, decedent should be regarded as having become a member of the State System and the "retroactive retirement" concept disregarded where the employer-employee relationship existed in fact, such a concept being contrary to the history and spirit of the retirement law (see 1964 Opns. Atty. Gen. 21, 23). Although petitioner's position might allow recovery under section 60 in favor of those the law intended to retire, the State has the option of demanding better proof at the application stage or of proceeding on the oath and proving fraud. *Haag* v. *City of New York* (130 Misc. 124, affd. 220 App. Div. 704, affd. 245 N. Y. 604), cited by respondent in support of the proposition that a person can be deemed retired while still in active service is distinguishable on its facts. There, the employee failed to put in for retirement before reaching 70, refused to do so thereafter and was paid no salary. Although rejecting the employee's contention that retirement is a unilateral act on the part of the employee, the case cannot be read fairly to say that retirement is any less than the breaking off of the employer-employee relationship which lasts so long as services are accepted and salary paid (cf. *People ex rel. O'Brien* v. *Scannell,* 53 App. Div. 161, 163, affd. 164 N. Y. 572). Determination annulled and matter remitted to respondent Comptroller for further proceedings not inconsistent herewith, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum *Per Curiam.*