■ ETHEL RICHARDS et al., Respondents, v. DORIS KASKEL et al., as Executors of ALFRED L. KASKEL, Deceased, et al., Appellants, and ALBERT A. WALSH et al., Respondents. LARRY BERMAN, Petitioner, v. JOSEPH SMITH et al., Respondents. NORMAN LE BEAU, Appellant, v. ROSE KATZ et al., Respondents. JULIO TANGELOFF et al., Appellants, v. EUGENE F. SITTERLY, Respondent. DOROTHY CRASTO, Appellant, v. HELEN MARKS, Respondent. LIGIA TRUJILLO, Appellant, v. FRANK SZILVASSY et al., Respondents. SEYMOUR GOLDSTEIN et al.,

Appellants, v. IREME DE REGIS, Respondent. MURRAY BRESLOW et al., Appellants, v. ALAN MORRILL et al., Respondents.— Judgment entered in Supreme Court, New York County on July 11, 1972 unanimously modified on the law and the facts, so as to declare in favor of appellants that the co-operative plan was properly declared effective; that plaintiffs have no rights under the Rent Stabilization Law of 1969, as amended (Administrative Code of the City of New York, tit. YY); that appellants, petitioners in summary proceedings, are entitled to possession of their respective apartments, and further declaring that this is not a proper case for a class action; and otherwise affirmed, without costs and without disbursements. The trial court declared that the provisions of the Rent Stabilization Law relating to co-operative apartment buildings are inapplicable to plaintiffs nonpurchasing tenants and the class they represent by reason of misrepresentations by the sponsor of the co-operative plan. It held the plan or its implementation was so permeated with fraud as to warrant the court to declare the plan illegal. A careful search of the record fails to reveal support for the trial court's findings. The tenants were a highly organized group. They were represented by counsel collectively and in many cases individually. The sponsor was urging the tenants to buy and the Tenants' Association was urging them not to buy their apartments. There is no proof of misrepresentation or fraud on November 11 and 12, 1970, or at any other time. True it is, that on these two days the sponsors went all out to obtain the requisite number of tenants to accept the plan, but nothing beyond the permissible sales puffing. The prime motivation of the apartment purchasers appears to have been their desire to gain the advantages offered under the final amendment to the plan and the preferred position and possible financial gain available to them exclusively during a 90-day period and especially the purchasers' desire to obtain the maximum benefit of the options which expired on November 12, 1969. Fraud must be proved by clear and convincing evidence and, except in special circumstances, here absent, will not be presumed. (See *Cave* v. *Green,* 281 App. Div. 560, affd. 308 N. Y. 754; *Lynch* v. *Gibson,* 254 App. Div. 47, affd. 279 N. Y. 634; *Manchel* v. *Kasden,* 286 App. Div. 483, affd. 1 N Y 2d 734; *Chemical Corn Exch. Bank* v. *Wassuna,* 8 A D 2d 788, affd. 7 N Y 2d 337; see, also, 24 N. Y. Jur. Fraud and Deceit, § 274, p. 356.) Our courts have consistently held that a class action will not be permitted for fraud or duress. Representations by the defendants and reliance by the plaintiffs may vary from case to case. Here only four out of approximately 165 apartment purchasers testified. None of the plaintiffs were purchasers. Plaintiffs cannot rely upon facts which may or may not have induced nonparty purchasers to buy their apartments, nor can they rely upon nonparty purchasers' unproven reliance as a basis to establish a class action. (*Onofrio* v. *Playboy Club of N. Y.,* 15 N Y 2d 740.) It is for each individual to determine his course of action if he feels that he has been wronged and desires to seek rescission or to pursue any other legal remedy. It would be impermissible to allow plaintiffs to make such election for those not parties hereto. (*Tuvim* v. *10 East 30 Corp.,* 38 A D 2d 895; *Brenner* v. *Title Guar. & Trust Co.,* 276 N. Y. 230; *Society Milion Athena* v. *National Bank of Greece,* 281 N. Y. 282.) Having declared the co-operative plan valid and effective and that plaintiffs have no rights under the Rent Stabilization Law of 1969, and absent any contractual rights, it follows that the petitioners in the holdover summary proceedings against the various tenants are entitled to possession of their respective apartments. Although this litigation has permitted the tenants to remain in possession for more than one year after petitioners became entitled thereto, in view of the prevailing tight apartment market, we grant a stay of six months from

date of publication hereof. (See Real Property Actions and Proceedings Law, § 753.) Settle order on notice. Concur — McGivern, J. P., Nunez, Steuer, Tilzer and Capozzoli, JJ. [69 Misc 2d 435.]