Philip Miller, Respondent, *v.* Eli Livingstone, Appellant.

First Department, February 24, 1966.

*James G. Mackey* of counsel (*Diamond & Golomb,* attorneys), for appellant.

*Albert Adams* of counsel (*Ferris, Adams & Creidy,* attorneys), for respondent.

*Per Curiam.* This is an action based on fraud. It arises out of the sale of United States Government securities owned by the plaintiff, which he requested the defendant to sell for him. It is the plaintiff's contention that he should have received the sum of $12,962.37 — the net proceeds of the sale over and above the satisfaction of the debts incurred in the purchase of the securities for which they were given as collateral.

The plaintiff alleges the following representations, on which he relied: (1) The defendant, in 1954, represented that he was an attorney, admitted to practice in the State of Massachusetts, and in good standing as such; (2) that in his dealings with the plaintiff he would deal as an individual through his company, known as Livingstone & Company; (3) that his financial worth in 1956 was in accordance with a financial statement which he then gave to the plaintiff, and that the statement was filed with the "Department of Public Utilities in New York."

The plaintiff alleges that these representations were false in that (1) the defendant was a disbarred lawyer at the time he represented himself as a lawyer in good standing; (2) that he never intended to deal through Livingstone & Company, but

rather through corporations controlled by him; (3) that the financial statement submitted was false and was not filed with the "Department of Public Utilities in New York", and in fact there was no such department existing in the State of New York.

The defendant, beginning in 1954, and continuing through 1962, at which time the transaction complained of took place, had been acting as a dealer in securities, and as adviser to the plaintiff, in connection with some of the plaintiff's investments.

We consider plaintiff's contentions in inverse order. The plaintiff does not establish a case of fraud upon the basis of the allegedly false financial statement given him in 1956. There was no proof in the record to establish that the statement was indeed false. Furthermore, it cannot be said that reliance was placed, in 1962, upon the financial statement given in 1956, no claim being made that the financial worth of the defendant was represented to be the same in 1962 as it was in 1956. Consequently, the alleged assertion by the defendant that the 1956 financial statement was filed with a department in the State of New York is of no moment.

Nor may the plaintiff recover upon the alleged promise of the defendant to deal as an individual, when in fact he dealt through controlled corporations. Of course, failure to carry out a promise does not support a suit in fraud. There must be proof, that at the time the promise was made there was then no intention to carry out the promise. The plaintiff failed to offer such proof. The record shows that immediately subsequent to the establishment of the relationship between the parties, the defendant did in fact deal as an individual through Livingstone & Company, as he allegedly represented he would. Accordingly, the asserted lack of an intention to carry out that promise is negated by the facts as proven.

Lastly, plaintiff may not recover in this action on the ground that the defendant was a disbarred lawyer, rather than a lawyer in good standing. The record does not indicate that the plaintiff relied on the alleged representation during the many years in which he dealt with the defendant. Moreover, assuming reliance on that representation, or indeed any of the others claimed to have been made by the defendant, the plaintiff's action must fall for failure to show pecuniary loss. The transaction reflected a profit, and not a loss. It is that profit that the plaintiff seeks to recover through this action in fraud. That he may not do. (*Reno* v. *Bull,* 226 N. Y. 546; *Sager* v. *Friedman,* 270 N. Y. 472.)

Accordingly, the judgment should be reversed on, the law and the facts, and the complaint dismissed, with costs and disbursements to the appellant.

BOTEIN, P. J., RABIN, STEVENS and STEUER, JJ., concur. VALENTE, J., deceased.

Judgment reversed, on the law and on the facts, and the complaint dismissed, with $50 costs to the appellant.