### (February 24, 1970)

■ CENTRAL STATE BANK, Respondent, v. AMERICAN APPRAISAL COMPANY, INCORPORATED, Appellant.— Order entered July 2, 1969 granting reargument and denying defendant's motion for summary judgment unanimously modified on the law, to the extent of adhering to the grant of summary judgment to the defendant as provided in the order dated May 23, 1969, and as so modified, affirmed, with $50 costs and disbursements to the appellant. The complaint alleges two causes; one grounded on a negligent appraisal of real property relied on by plaintiff in extending a loan, and the other for damages arising from defendant's false and fraudulent representations in relation to the same transaction. Plaintiff, for full value, assigned the note evidencing the loan and collateral, without recourse, warranty or representation. After default on the note, plaintiff voluntarily accepted reassignment thereof and reimbursed its

assignor the unpaid principal. In the circumstances the plaintiff's alleged damage is not proximately related to the alleged negligence and fraud. (*Laidlaw* v. *Sage,* 158 N. Y. 73, 99; *Saugerties Bank* v. *Delaware & Hudson Co.,* 236 N. Y. 425, 430.) The complaint does not allege a cause of action based on the assignment by plaintiff's assignor of his claim for negligence and fraud against the defendant. The affirmation of a cause of action other than alleged in the complaint may not defeat defendant's motion for summary judgment when defendant conclusively demonstrates the allegations of the complaint are without merit. (*Cohen* v. *City Co. of N. Y.,* 283 N. Y. 112, 117, 118; *Elsfelder* v. *Cournand,* 270 App. Div. 162, 165.) Furthermore, in the second cause of action, plaintiff charges that the defendant's appraisal was fraudulent. Bare allegations of fraud without any allegation of details constituting the wrong are not sufficient to sustain such a cause of action. The affidavit fails to set forth evidentiary facts in support of the conclusory allegations. The complaint's mere assertion that the appraisal was fraudulent does not raise a question of fact. The mere allegations of the complaint do not constitute proof sufficient to defeat a motion for summary judgment. (*Indig* v. *Finkelstein,* 23 N Y 2d 728, 729, and cases cited; *Aetna Ins. Co.* v. *Allstate Ins. Co.,* 33 A D 2d 551; *Siren Realty Corp.* v. *Biltmore Prods. Corp.,* 27 A D 2d 519.) Concur — Eager, J. P., Markewich, Nunez and McNally, JJ.