■ ERNEST C. RUMPH, as Administrator of the Estate of CALLIE RUMPH, Deceased, et al., Respondents-Appellants, v. GOTHAM FORD, INC., Appellant-Respondent, et al., Defendants.— Judgment, Supreme Court, New York County, entered May 25, 1973, in favor of plaintiffs, upon stipulation of plaintiffs to a reduction of the verdict, in the sum of $125,000 to the estate of Callie Rumph, $40,000 to the infant plaintiff Robert Rumph, $25,000 to the infant plaintiff Ernest, Jr., and $350,000 to the plaintiff Ernest C. Rumph, is unanimously modified on the law and the facts, to reinstate the original verdict of $500,000 to the plaintiff Ernest C. Rumph and $100,000 to the infant plaintiff Robert, and increasing the amount for Ernest, Jr., to $50,000, and to sever and dismiss the cause of action for fraud, and the judgment as so modified, is affirmed. Plaintiffs-respondents-appellants shall recover of defendant-appellant-respondent $60 costs and disbursements of the appeal. In this action for wrongful death, personal injuries and loss of services due to fraud, negligence and breach of warranty, the case was submitted to the jury against the defendant Avis solely on the ground of negligence, and against the defendant Gotham Ford, Inc., on the ground of negligence, breach of implied warranty and fraud. The jury found in favor of the defendant Avis, but found in favor of the plaintiffs against the defendant Gotham Ford on all of the plaintiffs' causes of action. The court, however, on stipulation by plaintiffs, reduced the recovery of $500,000 for the plaintiff Ernest C. Rumph to $350,000, and we herewith restore the original jury award; the court also reduced the recovery for the minor plaintiff Robert from $100,000 to $40,000, and we herewith restore the original jury award; the court reduced the $75,000 original jury award for Ernest, Jr., to $25,000 which we herewith increase to $50,000; the court further reduced the award for the wrongful death of the mother, Callie Rumph from $200,000 to $125,000, which we leave undisturbed. All the reductions were on the ground that the awards were excessive. The cross appeal by the. plaintiffs from that part of the judgment which set aside the verdict unless the plaintiffs stipulate to reduce the awards, as aforesaid, which stipulation the plaintiffs filed, is dismissed on the ground that they cannot appeal because they are not parties aggrieved. (*Borgia* v. *City of New York*, 12 N Y 2d 151; *Enslein* v. *Hudson &*

*Manhattan R. R. Co.,* 5 N Y 2d 778.) However, the plaintiffs, who have stipulated to the reduction, have the right to argue, on the defendants' appeal from the reduced judgment, that the reduction of the verdict was not proper. (CPLR 5501, subd. [a], par. 5; *Schliessman* v. *Anderson,* 31 A D 2d 367.) In view of the serious and extensive personal injuries sustained, the original jury award for the plaintiffs Ernest C. Rumph and Robert Rumph should not have been disturbed, and the award for Ernest, Jr., should be partially restored. The defendant-appellant Gotham Ford contends that the cause of action for fraud should have been dismissed prior to the trial, and, because it was not, the fraud contention permeated the trial and prejudiced the jury on the other causes of action. However, the action was pending with the fraud claim for almost six years before the trial, and it was not until after the jury was selected that the motion to dismiss that count was made. Plaintiff administrator purchased what was represented to be a " salesman's demonstrator " car and given the remainder of a new car warranty. Actually, the automobile had seen substantial service with Avis as a rental car. The fraud claim was to the effect that the plaintiff would not have purchased a car so " used ". With his wife driving, the accident occurred which caused her death and the other serious injuries. The jury resolved the issue of whether the steering mechanism was defective at the time the car was delivered, in plaintiff's favor. (*Codling* v. *Paglia,* 32 N Y 2d 330.) The alleged fraud was not the proximate cause of the accident, and that cause of action should have been dismissed. (See *Kuelling* v. *Lean Mfg. Co.,* 183 N. Y. 78, 86.) However, we are satisfied that the underlying facts with respect to the purchase transaction involved would have been available to the jury on the remaining counts for breach of implied warranty and negligence and that the proof with respect thereto was sufficient to sustain the jury's finding. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.