■   MASTRO INDUSTRIES, INC., Respondent, v CBS RECORDS, a Division of
COLUMBIA BROADCASTING SYSTEM, INC., Appellant.—Order entered May 1,
1975, in the Supreme Court, New York County, unanimously modified, on
the law, to the extent of granting defendants' motion for partial summary
judgment and dismissing and severing Items (a), (b) and (e) of paragraph 27
of the fifth cause of action alleged in the amended complaint. As so modified
the order is otherwise affirmed, without costs and without disbursements to
either party. This is an action by plaintiff-respondent Mastro Industries, Inc.
(Mastro) to recover damages for a claimed breach of an agreement by CBS
Records (CBS) to purchase stereo tape cartridges from it. Mastro also seeks
damages for alleged fraud and unjust enrichment. CBS's motion to dismiss
the complaint was granted as to the first three causes of action for breach of
contract insofar as they sought damages in excess of $15,693.83 and the
fourth and sixth causes of action for services rendered and for unjust
enrichment and denied as to the fifth cause of action for fraud. Treating the
pertinent items of the fifth cause of action, in reverse order, we modify as
indicated for the following reasons. Item (e) of paragraph 27 seeks recovery
of $4,200,000 in lost profits which Mastro claims it would have made if it
sold 60 million cartridges to CBS. It contends that, by reason of false and
fraudulent promises of future purchases by CBS it agreed to furnish the
cartridges at a price substantially lower than CBS would have been other-
wise able to obtain without the false and fraudulent promises, representa-
tions and inducements. "The purpose of an action for deceit is to indemnify
the party injured. All elements of profit are excluded. The true measure of
damage is indemnity for the actual pecuniary loss sustained as the direct
result of the wrong." (Reno v Bull, 226 NY 546, 553; Sager v Friedman, 270
NY 472, 481; Hanlon v MacFadden Pub., 302 NY 502, 511). Its president's
own testimony was that in 1970 Mastro began manufacturing for other
customers cartridges of substantially the same design as those manufac-
tured for CBS and that from 1970 to 1973 it realized a profit of approxi-
mately $700,000. Thus, Mastro seems to have profited rather than suffered
as a result of its relationship with CBS. Item (b) of paragraph 27 represents
a claimed loss of $235,000 sustained by Mastro in 1969, the year it delivered
cartridges to CBS, as a result of allegedly devoting "substantially all its
efforts, personnel and manufacturing facilities" to the design and production
of the stereo cartridges. Again, in his examination before trial, Mastro's
president testified that Mastro's business was declining, and at that time the
main item of their business was the production of plastic wall tile. The
machinery used to make the tile was used by Mastro to manufacture the
cartridges. Mastro expected to continue its line of business and merely add
on the CBS cartridge business. There was no request by CBS that Mastro
terminate its other lines of business. On the cartridges ordered by CBS
there was a profit to Mastro of approximately 50% above cost. If there was a
loss on Item (b) of paragraph 27 as claimed, such loss was not caused by any
action or direction of CBS, and Mastro has failed to show that the claimed
damages were caused by the fraud alleged (Stern v Andrew, 249 App Div
171, 173). Finally, Item (a) of paragraph 27 seeks $20,000 in damages for
"great technical skill, time, effort and money" expended by Mastro on its
contracts with CBS in reliance upon allegedly fraudulent representations of
CBS. This figure represents its president's estimate of the value of such
skill, etc. However, this claim relates to and is essentially involved with the
contracts upon which Mastro realized profits. Obviously, there was no
pecuniary loss and that part of the claim based on fraud cannot be sus-

tained. *(Reno v Bull, supra.)* Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Yesawich, JJ.