■ WILLIAM J. HAMBLY et al., Appellants-Respondents, v AETNA CASUALTY AND SURETY COMPANY, Respondent-Appellant; FINKELSTEIN, MAURIELLO, KAPLAN and LEVINE, P. C., et al., Respondents, et al., Defendants.— In an action *inter alia* to recover damages for fraud, (1) plaintiffs appeal from so much of an order of the Supreme Court, Orange County, dated April 28, 1975, as dismissed their second cause of action as against respondents and (2) appellant Aetna Casualty and Surety Company cross-appeals from so much of the said order as (a) failed to grant their motion for summary judgment as to the first and second causes of action and (b) granted plaintiffs the right to inspect all books and records of Aetna which relate to certain performance bonds issued by it on behalf of Hambly Construction Company. Order modified, on the law, by deleting therefrom (1) the provisions which "continued" Aetna's motion for summary judgment with respect to the first and second causes of action and substituting therefor a provision granting the said motion as to those causes of action and (2) the provision with regard to inspection of Aetna's books and records. As so modified, order

affirmed insofar as appealed from, with one bill of $50 costs and disbursements jointly to respondent-appellant and respondents appearing separately and filing separate briefs, payable by appellants-respondents jointly. Aetna's motion for summary judgment with respect to the first and second causes of action should have been granted. Plaintiffs' first and second causes of action, as they relate to Aetna, charge that Aetna fraudulently obtained a default judgment against them by means of false bills evidencing Aetna's payments pursuant to performance bonds issued on behalf of the Hambly Construction Company, Inc. It is well-settled that a prior default judgment bars a subsequent suit on issues which were, or could have been, determined in the earlier action *(Mitchell v Insurance Co. of North Amer.,* 40 AD2d 873). The record does not indicate that the alleged fraud in the procurement of the earlier default judgment was part of a larger scheme (cf. *Newin Corp. v Hartford Acc. & Ind. Co.,* 37 NY2d 211). Lawsuits brought by Aetna subsequent to the default judgment were based entirely on its status as a judgment creditor under the prior default judgment. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.