■ CESAR BARBOSA, Respondent-Appellant, v WALLACE DEAN et al., Respondents, and JOHN R. CORBETT, Appellant.—Judgment, Supreme Court, New York County, entered January 27, 1976, is unanimously affirmed, without costs and without disbursements. So much of plaintiff's cross appeal as relates to the Trial Judge's granting a new trial unless plaintiff consented to reduce the amount of the verdict (followed by stipulation of plaintiff consenting to such reduction) is unanimously dismissed, without costs and without disbursements (Rumph v Gotham Ford, 44 AD2d 792). In this personal injury action, which resulted in a verdict for plaintiff against defendant Corbett, there were questions of fact as to negligence and contributory negligence, and the jury resolved those in favor of plaintiff against the defendant Corbett. The charge fairly presented these questions to the jury. While we have considerable doubts as to the applicability of section 1214 of the Vehicle and Traffic Law to this case, the court's explanation of that statute amounted substantially to a submission of an issue of common-law negligence and proximate cause. Again, the court probably should not have read to the jury subdivisions (a) and (b) of section 41 of the New York City Traffic Regulations relating to right of way between pedestrians and moving vehicles on a crosswalk, as the issue between plaintiff and Corbett did not involve a moving vehicle or a crosswalk. In the context of the entire charge and the case, we do not think these errors affected the result. We note that subdivision (a) of section 1156 of the Vehicle and Traffic Law relied upon by defendant Corbett is not effective in the City of New York (New York City Traffic Regulations, § 190) and that a portion of the charge criticized by appellate counsel for Corbett was requested by his trial counsel. We do not think the Trial Judge erred in reducing the verdict. (See CPLR 5501, subd [a], par 5.) We agree with the Trial Judge that there was no basis for submission to the jury of claims against defendants Dean and Hertz,

respectively the driver and the owner of the truck, or against Lieber and Nat Cab, respectively the driver and the owner of the taxicab, in that there was no showing of negligence on the part of any of these defendants. In addition, as to defendant Corbett's claim over for contribution or indemnification against the owner of the taxicab, no such claim would lie as a matter of law since even if the taxicab owner were liable to plaintiff, such liability would have been a vicarious liability based on defendant Corbett's negligence. (See *Rogers v Dorchester Assoc.,* 32 NY2d 553, 565; *Logan v Esterly,* 34 NY2d 648, 651.) Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Nunez, JJ.