■ DONNA E. BUCCI et al., Respondents, v MARGARET BRACCIA et al., Defendants, and PECHTER BAKERY CO., INC., Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant Pechter Bakery Co., Inc., appeals from so much of an order of the Supreme Court, Westchester County, dated October 13, 1976, as granted the branches of plaintiffs' motion which sought (1) to increase the *ad damnum* clause of the complaint as to both causes of action and (2) leave to serve an amended complaint and bill of particulars. Order affirmed insofar as appealed from, with $50 costs and disbursements (see *Portilla v Boyke,* 51 AD2d 539). Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur.

■ JAMES C. et al., Petitioners, v ROBERT F. SAVITT et al., Respondents. —Proceeding pursuant to CPLR article 78 to review a determination by the respondent board of education, made on January 3, 1977, after a hearing, which directed the infant petitioner's expulsion from high school. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination is supported by substantial evidence and the penalty of expulsion is not unreasonable or excessive on this record. Petitioners' remaining contentions lack merit. Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur.

■ JOSEPH V. CALTABIANO, Respondent-Appellant, v STATE BANK OF LONG ISLAND, Appellant-Respondent.—In a action, *inter alia,* to recover real estate brokerage commissions, (1) defendant appeals from so much of an order of the Supreme Court, Nassau County, dated November 12, 1976, as (a) denied its motion for summary judgment and (b) granted the branch of plaintiff's cross motion which sought leave to amend the title of the action and the complaint and (2) plaintiff cross-appeals from the balance of the order, which denied the branch of his cross motion which sought to disqualify defendant's attorneys. Order reversed, on the law, with $50 costs and disbursements payable to defendant, motion for summary judgment granted and complaint dismissed. On July 18, 1972 plaintiff, a member of defendant's advisory board of directors, and that board's other members, were advised that the board of directors had authorized sale of the subject premises for $125,000 net to defendant. Plaintiff advised the other members that he believed he had a prospective purchaser, and, as a real estate broker, would produce a buyer, without a commission being payable to him by defendant. He did so, but defendant refused to sell to plaintiff's purchaser and instead sold the premises to a third party. Thereafter plaintiff brought this action to recover the amount of the real estate commissions he would have earned had defendant agreed to the offer. We find, as a matter of law, that defendant did not expressly or impliedly employ plaintiff as a broker or agree to pay him a commission (see *Ditmars v Renz,* 269 NY 191; *Grossman v Herman,* 266 NY 249; *Balducci v National Union Elec. Corp.,* 46 AD2d 834; 6 NY Jur, Brokers, §§ 84, 85). Accordingly, the complaint should have been dismissed. In view of this disposition, the cross appeal is rendered academic. Cohalan, J. P., Titone, Hawkins and Mollen, JJ., concur.