■ CONTINENTAL INSURANCE COMPANY, as Successor in Interest to GLENS FALLS INSURANCE COMPANY, Appellant, v VALERE DESCHAINE, Defendant, and ALAN RANDALL et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered March 30, 1981, in Greene County, which, *inter alia*, granted a motion by certain defendants for summary judgment dismissing the complaint. By the present appeal, plaintiff Continental Insurance Company seeks a reversal of Special Term's order dismissing its complaint against defendants Alan Randall, Rosemary M. Knauf, as executrix under the will of George R. Knauf, and Knauf Brothers, Inc. The subject complaint asserts a cause of action in fraud against them and defendant Valere Deschaine, and plaintiff basically alleges therein that Deschaine's signature on an indemnification agreement dated March 5, 1968 is a forgery, with the result that the agreement is unenforceable against Deschaine. Standing unchallenged in the record, however, is a default judgment obtained by plaintiff against defendant Deschaine based upon Deschaine's nonpayment, as indemnitor, of a contractual obligation arising out of the indemnification agreement. Therefore, plaintiff has obviously obtained enforcement of the agreement which it had previously alleged was unenforceable. Under these circumstances, we hold that the dismissal of the complaint against the other defendants should be affirmed. Having previously obtained a default judgment enforcing the subject indemnification agreement against Deschaine, plaintiff cannot now successfully argue that the agreement is somehow unenforceable because it was a product of fraud (see *Hambly v Aetna Cas. & Sur. Co.*, 51 AD2d 567). Furthermore, since the agreement has been enforced by the entry of the judgment, plaintiff likewise cannot establish that it has sustained any damage as a result of the alleged fraud (cf. *Miller v Livingstone*, 25 AD2d 106, affd 18 NY2d 967). Order affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.