■ KENSINGTON PUBLISHING CORP., Respondent, v KABLE NEWS COMPANY, INC., Appellant. — Order, Supreme Court, New York County (A. F. Klein, J.), entered November 21, 1983 denying defendant's motion to dismiss the first, second and eighth causes of action in the complaint, is unanimously reversed, on the law, with costs, and defendant's motion is granted; the first cause of action is dismissed pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action, without prejudice to an application at Special Term for leave to replead that cause of action on the submission of evidence to the court satisfying the standards of CPLR 3211 (subd [e]); and summary judgment is granted to defendant dismissing the second and eighth causes of action; and the dismissed causes of action may be severed and judgment entered thereon. ¶ Plaintiff is a publisher of softcover books; defendant its distributor. ¶ In the first cause of action plaintiff alleges fraudulent representation by defendant that the rate contained in the agreement between the parties was the best rate defendant paid to any other publisher, and that had defendant adhered to its representation, plaintiff would have received additional funds by reason of the sale of its books. This is the only damage plaintiff claims. In *Mastro Inds. v CBS Records* (50 AD2d 783), the plaintiff claimed to have been induced by false representations to enter into a less favorable contract with defendant than it would have entered into but for such false representations and sought to recover in essence the benefit of what would have been the more favorable contract. This court held that such damages were not recoverable, quoting: " 'The purpose of an action for deceit is to indemnify the party injured. All elements of profit are excluded. The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong.' (*Reno v Bull*, 226 NY 546, 553; *Sager v Friedman*, 270 NY 472, 481; *Hanlon v MacFadden Pub.*, 302 NY 502, 511)." ¶ While "[t]here is no requirement that the measure of damages be stated in the complaint so long as facts are alleged from which damages may properly be inferred" (*A. S. Rampell, Inc. v Hyster Co.*, 3 NY2d 369, 383), here no facts are alleged from which any properly recoverable damages may be inferred. If plaintiff has evidence of such properly recoverable damages, it may present such evidence to Special Term on a motion to replead this cause of action. ¶ The distribution contract between the parties provided for settlements between them on the basis of certain percentages of the cover price of the books. In the second cause of action plaintiff complains that, in connection with Canadian sales, when the Canadian dollar was valued at less than the United States dollar, the defendant made its settlements by crediting plaintiff at a rate based on the Canadian currency. It appears without contradiction that settlements with respect to Canadian sales were made on the basis of the Canadian dollar; that this was done both when the Canadian dollar was worth less than the United States dollar and when it was worth more than the United States dollar; that the settlements rendered by defendant to plaintiff with respect to Canadian sales showed on their face an appropriate adjustment for Canadian exchange, either in favor of plaintiff or in favor of defendant; and that pursuant to the contract, such settlements unobjected to constituted an account stated. The second cause of action must be dismissed both because of the uniform practice and practical construction of the contract by the parties and their accounts stated. ¶ The eighth cause of action alleges that plaintiff is entitled to an accounting from defendant determining the amounts of moneys improperly withheld by defendant. The contract explicitly provides that all moneys paid or owing from defendant's

sales outlets are the absolute property of defendant, and that the relationship between the parties is that of creditor and debtor and that defendant is not the agent of plaintiff. If this provision is given full and literal application, there is no such fiduciary relationship between the parties with respect to the moneys owed as to entitle plaintiff to an accounting as distinct from its ordinary remedies in an action at law. (See, e.g., *Arnold Prods. v Favorite Films Corp.,* 298 F2d 540, 542.) But even where there is the sort of fiduciary relationship which would otherwise entitle a party to an equitable accounting, "the parties could by agreement determine the manner in which such an accounting should be had, and thereafter could, upon the statement of an account, fix by agreement the amount due to each. 'An account stated is nothing more or less than a contract express or implied between the parties. * * * An account stated is conclusive upon the parties unless fraud, mistake or other equitable considerations are shown which make it improper to be enforced.' So we stated in *Rodkinson* v. *Haecker* (248 N. Y. 480)" (*Corr v Hoffman,* 256 NY 254, 266). In the *Corr* case, the court held that, even in a partnership, where the agreement provided for stating the accounts annually, and that the accounts so stated should be final, the plaintiff was entitled to no further accounting for the periods for which the accounts had been stated by the parties. (Accord *Raymond v Brimberg,* 99 AD2d 988.) ¶ That is the situation in the present case. The agreement provided for periodic and final accounts with respect to each issue and that plaintiff agreed to accept the statements of account as accounts stated except as to specific items objected to in writing within 30 days. The agreement further provided that the defendant should make available to plaintiff all of its books and records related to the matters covered in the agreement. It appears that such statements of account were regularly and systematically rendered and that defendant's records were made available to plaintiff and its accountants. It follows that plaintiff is not entitled to any further accounting by way of the equitable remedy of accounting requested in the eighth cause of action. ¶ We do not pass on the rights of the parties with respect to objections to specific items. (*Four Star Comics Corp. v Kable News Co.,* 289 F2d 632, 636; 327 F2d 287, 288.) Concur — Sandler, J. P., Carro, Silverman, Fein and Alexander, JJ.