■ CASTLE & COOKE, INC., Respondent, v LINCOLN MERCHANDISE CORPORATION et al., Appellants. — In an action to recover damages for fraud, defendants appeal from an order of the Supreme Court, Kings County (Rader, J.),

dated March 4, 1983, which denied their motion to dismiss the complaint for failure to state a cause of action. ¶ Order affirmed, with costs. ¶ Assuming, without deciding, that the damages alleged in paragraphs Nos. 7 through 9 of the underlying complaint represent nothing more than a claim for lost profits which are not recoverable in a fraud action (see *Reno v Bull*, 226 NY 546; *Aigen v Dimin*, 86 AD2d 896; *Ungewitter v Toch*, 31 AD2d 583, affd 26 NY2d 687), the further allegation in paragraph No. 10 to the effect that "[b]y reason of the false and fraudulent statements of defendants and the deception and fraud practiced by them, plaintiff has sustained * * * consequential damages * * * of approximately $50,000" constitutes a sufficient allegation of injury to withstand the defendants' motion. As this court has had occasion to state, "[t]he prime standard for measuring the actual pecuniary loss sustained as a direct result of fraud is the 'out of pocket rule' * * * Recovery of profits which would have been realized in the absence of fraud is not possible under the 'out of pocket' theory * * * because the defrauded party is entitled solely to [the] recovery of the sum necessary for restoration to the position occupied before the commission of the fraud * * * 'Out of Pocket' considerations do *not*, however, prevent recovery of other consequential damages *proximately caused by reliance upon the misrepresentation*" (emphasis supplied; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.*, 88 AD2d 461, 467-468). ¶ Since the plaintiff has, as a pleading matter, clearly alleged such injury as would entitle it to compensation (cf. *Kensington Pub. Corp. v Kable News Co.*, 100 AD2d 802), and since it has otherwise adequately alleged the remaining elements of a cause of action for fraud (see *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., supra*, p 467), Special Term did not err in denying the defendants' motion to dismiss the complaint for failure to state a cause of action (cf. *Mastro Ind. v CBS Records*, 50 AD2d 783; *Miller v Livingstone*, 25 AD2d 106, affd 18 NY2d 967). We have considered the defendants' remaining contentions, and find that none of them would have warranted the dismissal of the complaint pursuant to CPLR 3211 (subd [a], par 7). Gibbons, J. P., Bracken, O'Connor and Niehoff, JJ., concur.