*917 OPINION OF THE COURT
Norman C. Ryp, J.
A. ISSUE
Is a fashion model’s (Janice Rhodes) crowning glory priceless? A hairy issue of first impression in this court. Must the ad damnum clause of a verified complaint of a CPLR 325 (d) transfer case alleging negligence, breach of contract and violation of Civil Rights Law § 51 (unauthorized invasion of privacy for trade purposes) specify a precise monetary amount of damages to pass its pleading procedural muster? No, subject to pleading amplification by CPLR article 31 pretrial discovery.
B. FACTS AND PROCEDURAL HISTORY
In these four causes of action, each against defendants, a well-known cosmetic manufacturer (Alberto Culver Co. "A.C.” —"movant”), its hair stylist (Pierre Alexandre), product promoter and public relations agent (The Communications Group, Inc.), and its president (Laurel Brantman "Mamenti”), and a fifth cause of action against a metropolitan daily newspaper (The New York Post), the complaint’s ad damnum clause alleged "a sum exceeding the jurisdictional limits* of all the lower courts which have jurisdiction over this action”.
According to the verified complaint, on or about March 20 and 21, 1984, plaintiff, at the request and agreement of defendants, the hair stylist Alexandre and the product promoter — public relations firm’s president — Mamenti, as agents for the cosmetic manufacturer — A.C., toured various New York County locations and served as a promotional model for an A.C. product. In consideration, plaintiff alleges A.C. agreed, but failed to feature plaintiff on a national television network program. In preparation for her modelling assignment, according to the verified complaint, plaintiff consented to have her hair trimmed and styled, but, in addition, defendant A.C. negligently employed defendant hair stylist — Alexandre and agents, who were negligent, careless and unqualified, willfully and deliberately applied a caustic chemical to plaintiff’s hair "causing severe and serious personal injuries, conscious pain and suffering and emotional pain and anguish”. Thereafter, on April 11, 1984, plaintiff alleges that defendant, The New York Post, without her written or oral consent, for commercial *918 purposes, published and distributed in New York State, plaintiffs photograph in connection with an article promoting defendant A.C.’s product causing plaintiff great distress, humiliation and exposure to public ridicule.
Movant-defendant, prior to answering, moves to dismiss the verified complaint for legal insufficiency, under CPLR 3211 (a) (7), specifically for failure to allege the precise amount of monetary damages claimed in the ad damnum clause.
C. PARTIES’ CONTENTIONS
In support, movant cites CPLR 3017 as requiring that every complaint in actions other than medical malpractice or against a municipal corporation shall state the monetary amount of damages sought. In opposition, plaintiff also cites CPLR 3017 as requiring a "demand for relief’ but this is not identical to monetary damages so long as the right to some relief is factually pleaded (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3017-.1, p 111) and case law (A.S. Rampell, Inc. v Hyster Co., 3 NY2d 369, 383 [1957]).
D. APPLICABLE LAW
Under New York case law, applying CPLR 3017 "[t]here is no requirement that the measure of damages be stated in the complaint so long as facts are alleged from which damages may properly be inferred” with which the verified complaint herein adequately complies. (A.S. Rampell, Inc. v Hyster Co., 3 NY2d 369, 383 [1957], supra; see also, Kensington Pub. Corp. v Kable News Co., 100 AD2d 802 [1st Dept 1984].) In fact, a CPLR 3017 (a) and 3025 (c) motion to amend the ad damnum clause to conform to an excess verdict is generally granted. (See, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18 [1981].)
Since this case was transferred, pursuant to CPLR 325 (d), from the Supreme Court to the Civil Court, New York County, defendant is in no way prejudiced (Loomis v Civetta Corinno Constr. Corp., supra).
CONCLUSION
Thus, this court, in the interests of justice and judicial economy, in its reasonable discretion, deems the verified complaint as follows: plaintiffs complaint is deemed amended, *919 under CPLR 3025 (b), within the court’s reasonable discretion only to the extent of striking all references to "jurisdictional limits of all the lower courts which would otherwise have jurisdiction over this action”, and substituting therefor: [exceeding] "The sum of $25,000” (Edenwald Contr. Co. v City of New York, 60 NY2d 957 [1983]).
All information concerning the precise monetary amount and itemization of damages sought by plaintiff may be furnished in amplification of the verified complaint by response to defendant’s service of a demand for a verified bill of particulars when CPLR 3043, and otherwise to be further developed by any other appropriate CPLR article 31 pretrial discovery devices. Thus, the nucleus of defendants’ claimed prejudice herein is removed.
Accordingly, for the foregoing reasons, defendant-movant Alberto Culver Co.’s CPLR 3211 (a) (7) motion to dismiss is denied.
All defendants are hereby granted leave to serve and file the respective verified answers, if they have not done so already, within 20 court days after service of a true copy of this order, with notice of entry and initiate any and all CPLR article 31 proceedings as promptly as feasible.

 $25,000 — CCA 201.