■ RICHARD WEISSMAN, Respondent, v SOPHIE MERTZ et al., Defendants, and STANLEY A. UNGER et al., Appellants.—In an action, inter alia, to recover damages for a breach of fiduciary duty and fraud, the appeal is from an order of the Supreme Court, Nassau County (Samenga, J.), entered September 24, 1985, which denied the appellants' motion to dismiss the complaint pursuant to CPLR 3211 insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the appellants, with prejudice, and the action insofar as it is asserted against the remaining defendants is severed.

On October 31, 1983, the plaintiff through the offices of Hirsch Realty, executed a binder to purchase a 50-foot by 100-foot lot improved with a residence. The plaintiff claimed that he was told by the appellants Irene Contino and Martin Hirsch, working as brokers with Hirsch Realty, that the owner of the premises was the defendant Sophie Mertz. The plaintiff also expressed an interest in an unimproved lot

directly adjacent to the lot he was to purchase. He was allegedly informed by the appellants that Mertz would not sell that lot.

The appellants Martin Hirsch, Irene Contino and Stanley A. Unger maintained that they had purchased the entire lot from Mertz on October 26, 1983, and submitted a contract of sale executed on that date. Their intention was to subdivide the lot into the unimproved parcel and the parcel which the plaintiff contracted to buy. On November 9, 1983, the plaintiff entered into a formal contract to purchase the improved premises. The contract referred to the October 26, 1983 contract of sale and listed the appellant MIS Associates, a partnership formed for the purpose of receiving the profits, as seller. At all times the plaintiff was represented by counsel. Nevertheless, he maintained that he did not realize the extent of Hirsch Realty's and the appellants' involvement with the property until the closing, and that he had in fact believed that the defendant Mertz was the seller until this point. The plaintiff thereafter commenced suit, based upon a variety of theories. After reviewing the affidavits and evidence submitted on the motion to dismiss, we conclude that the complaint should have been dismissed insofar as it is asserted against the appellants.

The first and third causes of action allege for the most part a breach of a broker's fiduciary duties to the plaintiff. While a licensed real estate broker is a fiduciary for his client, and must exercise the utmost good faith and loyalty in his performance (see, Geisler v Department of State, 73 AD2d 392, 395), the record clearly indicates that at no time were the appellants acting as the broker for the plaintiff. The Mertz property was initially listed with them, and even if they undertook to purchase the property, the fiduciary duty extended to Mertz only.

The plaintiff's cause of action to recover damages sounding in fraud is predicated upon his assertion that his bargaining position suffered due to the misrepresentations of the appellants, and if it had not been for these falsehoods, he could possibly have negotiated for the unimproved lot as well. There is nothing in the record to indicate that the appellants' misrepresentations were the proximate cause of the plaintiff's damages, which are speculative at best (cf., Castle & Cooke v Lincoln Mdse. Corp., 103 AD2d 763). The second cause of action should, therefore, be dismissed as well.

The plaintiff's fourth cause of action alleges a conspiracy to

injure the plaintiff's contractual rights. The fifth cause of action alleges that certain of the appellants formed the Casella Construction Corp., the defendant who ultimately purchased the unimproved lot in furtherance of that conspiracy. This court has held that there is no tort of civil conspiracy *(see, Gould v Community Health Plan,* 99 AD2d 479, 480). Even a liberal reading of the pleadings indicates that the plaintiff does not have a cause of action for an independent tort. In addition, the certificate of incorporation for Casella Construction Corp., submitted by the appellants, indicates that the corporation was formed in 1979, at least four years prior to the plaintiff's real estate dealings. The plaintiff's claim that Casella Construction Corp. was formed to further the conspiracy cannot stand in the face of this evidence.

The plaintiff's final cause of action seeks a return of brokerage commissions allegedly paid to the appellant Martin Hirsch. We find, however, that the checks given to Martin Hirsch were moneys owed by the plaintiff on the purchase of the improved lot, and that he received the money as escrowee of the sellers. Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.