RONALD STRAUSS, Appellant, v AUDREY STRAUSS, Respondent.

We reject the husband's contention that the temporary maintenance award was excessive. Based upon a review of the instant record, which consists of conflicting affidavits, we see no reason to substitute our discretion for that of the Supreme Court, which gave due consideration to all the relevant factors. In view of the wife's reasonable needs, the standard of living enjoyed by the parties, the husband's earnings, and the wife's income and limited liquid assets, the temporary maintenance award was not excessive (see, Cohen v Cohen, 129 AD2d 550; Chosed v Chosed, 116 AD2d 690; Stern v Stern, 106 AD2d 631; cf., Messina v Messina, 101 AD2d 856).

The husband also contends that the Supreme Court erred in awarding the wife temporary exclusive possession of the marital residence. However, a review of the minutes of a court conference, dated October 29, 1986, indicates that so much of the order appealed from as awarded the wife temporary exclusive possession of the marital premises was based upon an agreement between the parties. Consequently, this part of the order is not reviewable, because the husband is not an aggrieved party (see, Borgia v City of New York, 12 NY2d 151, affd on remand 15 NY2d 665; Rumph v Gotham Ford, 44 AD2d 792, appeal dismissed 34 NY2d 952, lv denied 34 NY2d 519). In any event, exclusion of the husband from the marital residence was justified where the husband, of his own volition, had established an alternative residence for himself and his

return to the marital home would engender unnecessary domestic strife *(see, Judell v Judell,* 128 AD2d 416; *Wolfe v Wolfe,* 111 AD2d 809). With respect to the latter issue, it is noteworthy that the husband has not appealed from so much of the order as granted the parties mutual orders of protection. Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.