■ LAMA HOLDING COMPANY et al., Appellants-Respondents, v SMITH BARNEY INC. et al., Respondents-Appellants. [627 NYS2d 33] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 10, 1992, which granted, in part, defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to grant the motion to dismiss in its entirety, with costs to defendants.

The action arises from the merger of Smith Barney Inc. into Primerica Inc. in 1987. At the time, plaintiff Lama Holding Company was the record owner of 24.9% of the outstanding shares of Smith Barney. A shareholders' agreement with defendant Smith Barney prevented Lama from selling the shares acquired in 1982 for four years. Lama was owned by the other plaintiffs, who were formed solely to acquire the shares in a manner meant to take advantage of tax laws, known as the General Utilities Doctrine and repealed by the Tax Reform Act of 1986, that would allow for an eventual sale of the stock without incurring capital gains. The complaint

alleges that defendants prevented Lama from taking advantage of the General Utilities Doctrine through fraudulent and misleading conduct that thwarted plaintiffs' efforts to sell the stock to third parties. Specifically, plaintiffs refer to a May 19, 1987 meeting wherein the individual defendants obtained a consent to the sale of the Smith Barney shares to Primerica as part of the merger. That consent, it is alleged, was fraudulently and improperly obtained since withheld from Lama, as minority shareholder, was the fact that Lama could have blocked the merger. The trial court granted the motion to dismiss with prejudice all causes of action except those for breach of fiduciary obligations and breach of contract. We now grant the motion in its entirety.

Plaintiffs' investors, who made a huge profit on their investment, may not recover damages in fraud or negligent misrepresentation since damages under those theories are limited to indemnity for actual pecuniary loss, and do not include the greater profit that could have been made but for the false representations *(Kensington Publ. Corp. v Kable News Co.,* 100 AD2d 802). The claims for tortious interference with contract and prospective contract must fail since there was no contract interfered with and the prospect of one was too speculative. Finally, assuming the truth of plaintiffs' allegations relating to the claims for breach of fiduciary obligation and breach of contract based on the shareholders' agreement, not dismissed by the IAS Court, the fact remains that plaintiffs received enormous profits from their sale of the Smith Barney stock, and the claim for further damages in that more profit could have been made is entirely speculative. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Tom, JJ.