■ GUILDERLAND REINSURANCE COMPANY, Plaintiff, v ROBERT GOLD, Defendant and Third-Party Plaintiff-Respondent. SHERWOOD DE STEPHANO et al., Third-Party Defendants-Appellants. [642 NYS2d 99] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 30, 1995 in Albany County, which denied third-party defendants' motion to dismiss the third-party complaint.

Plaintiff's complaint seeks purely economic loss for defendant's breach of contract in refusing to close on a real estate transaction. Third-party defendants moved to dismiss the third-

party complaint on the ground that no claim for contribution lies in these circumstances (see, e.g., Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21). The third-party complaint, however, does not assert a claim for contribution. Rather, it alleges the existence of a contractual and fiduciary relationship between defendant and third-party defendants, and further alleges that third-party defendants used confidential information from the fiduciary relationship to induce defendant to enter into the contract with plaintiff, in derogation of defendant's best interests and in contravention of third-party defendants' fiduciary duty to defendant.

In light of the scope of the inquiry on a CPLR 3211 (a) (7) motion to dismiss (see, Rovello v Orofino Realty Co., 40 NY2d 633), Supreme Court did not err in denying third-party defendants' motion. "[A] licensed real estate broker is a fiduciary for his client, and must exercise the utmost good faith and loyalty in his performance" (Weissman v Mertz, 128 AD2d 609, 610, appeal dismissed 69 NY2d 1036, lv denied 70 NY2d 608). Accepting the allegations of the third-party complaint as true for the purposes of this motion addressed only to the sufficiency of the pleading, defendant has stated a claim based upon the alleged existence of a fiduciary relationship between defendant and third-party defendants and upon third-party defendants' alleged breach of the fiduciary duty owed to defendant as a result of that relationship.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.