■ PRAEDIA REALTY CORP., Appellant, v SANFORD J. DURST et al., Respondents. [650 NYS2d 739] —In an action, *inter alia,* to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated August 31, 1995, which granted the respective motions by the defendants 427 Sassco Ltd. and Sanford J. Durst for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff brought this action to recover a real estate brokerage commission for the sale of 427 Fulton Street in Brooklyn. The seller was a corporation named 427 Fulton Leasing Corp., and the buyer was a corporation named 427 Sassco Ltd. (hereinafter Sassco). The plaintiff claimed that it was entitled to the commission which Sassco paid to another broker, the defendant Sanford J. Durst. Contrary to the plaintiff's contention, its contractual claims against Sassco were properly dismissed. The plaintiff's President, Joseph Mattone, testified that the plaintiff was hired by the sellers to find a purchaser for the premises, and was not looking to Sassco for any commission (*see, Grossman v Herman,* 266 NY 249; *Caltabiano v State Bank,* 59 AD2d 752, *affd* 44 NY2d 892). A contract between the plaintiff and Sassco will not be implied in fact where, as here, the facts are inconsistent with its existence (*see, Miller v Schloss,* 218 NY 400, 406; *Tjoa v Butterfield Mem. Hosp.,* 205 AD2d 526; *Lubeck Realty v Flintkote Co.,* 170 AD2d 800). Moreover, the plaintiff failed to show that Sassco accepted the plaintiff's services upon the understanding that the latter expected compensation from Sassco (*see, Julien J. Studley, Inc. v New York News,* 122 AD2d 633, *affd* 70 NY2d 628).

The plaintiff's third cause of action, sounding in fraud against Sassco, was also properly dismissed. The plaintiff alleged, *inter alia,* that Sassco failed to acknowledge the plaintiff as the selling broker in the contract of sale, and represented that Sassco dealt with Durst only to deprive the plaintiff of a commission. However, the plaintiff failed to meet its burden of showing that " 'the matters set up in * * * [the complaint] are real and are capable of being established upon a trial' " (*Nel Taxi Corp. v Eppinger,* 203 AD2d 438, quoting *Di Sabato v Soffes,* 9 AD2d 297, 301). There is no evidence suggesting any promise made by Sassco to Mattone, and Mattone conceded that the commission was customarily paid by the seller. Moreover, the seller knew at all times who its broker was, so that any fraudulent conduct on the part of Sassco was not the proximate cause of the plaintiff's failure to collect a commission from the seller (*see, Weissman v Mertz,* 128 AD2d 609, 610; *Mastro Indus. v CBS Records,* 50 AD2d 783; *Rumph v Gotham Ford,* 44 AD2d 792, 793; *Central State Bank v American Appraisal Co.,* 33 AD2d 1009, *affd* 28 NY2d 578).

The Supreme Court also properly granted Durst's motion for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff failed to establish the exis-

tence of any contract with Sassco. Thus, any conduct on the part of Durst cannot be the proximate cause of the plaintiff's failure to collect a commission from Sassco (*see, Weissman v Mertz,* 128 AD2d 609, 610, *supra; Mastro Indus. v CBS Records,* 50 AD2d 783, *supra; Rumph v Gotham Ford,* 44 AD2d 792, 793, *supra; Central State Bank v American Appraisal Co.,* 33 AD2d 1009, *affd* 28 NY2d 578, *supra*). Moreover, there is no evidence suggesting any fraudulent conduct on the part of Durst.

Similarly unavailing is the plaintiff's claim that it was entitled to a commission because it was the plaintiff's principal, Mattone, who negotiated the selling price. The evidence shows that at the time of these negotiations, Sassco was not "ready willing and able to purchase at the terms set by the seller" (*Mecox Realty Corp. v Rose,* 202 AD2d 404).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.